## BALTIMORE & OHIO RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 99. Submitted November 16, 1922.—Decided January 2, 1923.

1. An action to recover money paid as stamp taxes under the Act of May 12, 1900, as amended June 30, 1902, can not be maintained if no claim for redemption or allowance was made to the Commissioner of Internal Revenue within the two-year period prescribed by the act. Rev. Stats., § 3226. P. 567.
2. A request to the Commissioner for an informal ruling on the taxability of particular deeds, after which stamps were affixed in accordance with the ruling and without protest, *held* not a claim for abatement or refund. P. 567.

56 Ct. Clms. 279, affirmed.

APPEAL from a judgment of the Court of Claims dismissing appellant's petition on demurrer.

*Mr. George E. Hamilton, Mr. John F. McCarron* and *Mr. R. Marsden Smith* for appellant.

*Mr. Solicitor General Beck* and *Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, for the United States.

Mr. Justice Sutherland delivered the opinion of the Court.

The appellant brought an action in the Court of Claims against the United States to recover the sum of $55,-158.00, alleged to have been illegally exacted as stamp taxes upon thirteen deeds of conveyance made and delivered to appellant by its subsidiary companies. The deeds were without valuable consideration and were executed for the sole purpose of transferring legal title to enable appellant to mortgage the property conveyed. On February 11, 1915, before the delivery of these deeds, appellant exhibited three of them to the Commissioner of Internal Revenue and asked for a ruling, thereby making what it alleges was a claim in abatement. The Commissioner held that the Stamp Tax Act applied and the appellant, without protest, affixed to the thirteen deeds the requisite amount of stamps.

Four years later the Commissioner, in construing a similar act of 1918 held that "where no valuable consideration passed, stamps were not required on conveyances."

Appellant thereupon filed with the Commissioner a claim for refund of the taxes paid which was rejected because barred by the statute of limitations.

Appellant now alleges that its claim for a refund constitutes an amendment of its original so-called claim in abatement. The Court of Claims sustained a demurrer to appellant's petition alleging the foregoing upon the ground that the original request to the Commissioner for a ruling was not a claim either for abatement or refund, but that the claim for a refund was in effect first made in 1919, and, therefore, that the Commissioner's ruling was right.

The Act of May 12, 1900, c. 393, 31 Stat. 177, as amended by the Act of June 30, 1902, c. 1327, 32 Stat. 506, provides in part:

" That the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, may, upon receipt of satisfactory evidence of the facts, make allowance for or redeem such of the stamps, issued under authority of law, to denote the payment of any internal-revenue tax, as may have been spoiled . . . or in any manner wrongfully collected. . . . *Provided further,* That no claim for the redemption of or allowance for stamps shall be allowed unless presented within two years after the purchase of said stamps from the Government."

By § 3226, Rev. Stats., no suit can be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally collected until appeal has been made to the Commissioner of Internal Revenue, as provided by law, and the decision of the Commissioner thereon has been had.

The preliminary request to the Commissioner for an informal ruling was in no sense a claim for abatement or refund. Appellant affixed the stamps to the deeds without protest and after that no effort was made to secure redemption of or allowance for the stamps until long after the two-year period had expired.

On the facts alleged in the petition the Court of Claims could not have done otherwise than sustain the demurrer. *Rock Island, Arkansas & Louisiana R. R. Co.* v. *United States,* 254 U. S. 141.

The judgment of the Court of Claims is

*Affirmed.*