Camrbedl, Chief Justice,
delivered the opinion of the court:
Under a construction given the provision of Title XI of the Revenue Act of 1921, 42 Stat. 301, 303, the plaintiff was. required to pay and did pay a tax amounting to $2,500 upon *949 certain certificates of shares of its corporate stock. The Commissioner of Internal Eevenue ruled that the exchange of shares of stock issued by plaintiff to its stockholders in the proportion of four new shares for one of the old shares was subject to< the tax imposed by Title XI, Schedule A, paragraph 2 of the act mentioned. The stamps were purchased and applied in accordance with this ruling. The stipulated facts upon which the case was submitted to this court show that the tax was paid under protest and under duress. The plaintiff then applied to the Commissioner of Internal Eevenue for a refund of the tax, claiming in its application that the amount “ should be refunded, with interest from December 4, 1922, the date of the purchase thereof.”
This claim was disallowed by the Commissioner under date of July 10,1923, he holding, as above stated, that plaintiff was liable for the tax. It is now admitted that this ruling -was erroneous, and the Government concedes the correctness of the decision in West Virginia Pulp & Paper Co. v. Bowers, 293 Fed. 144, affirmed by the United States Circuit Court of Appeals for the Second Circuit, 297 Fed. 225, Avhere the same question was involved. In the Government’s brief it is stated that since these decisions the Commissioner has been willing and has offered to pay the principal sum which plaintiff expended, but without interest. The right of plaintiff to recover this principal sum is here admitted, and the sale question is whether plaintiff is entitled to interest from the date of the required payment of the tax. Conceding that the tax was illegally or erroneously assessed and wrongfully collected, the Government contends that the “ plaintiff’s claim is, in effect, for the redemption of stamps and not a claim for refund of taxes illegally or erroneously assessed or collected, and therefore is governed by the provisions of section 1 of the Act of May 12, 1900, 31 Stat. 171, relating to the redemption of stamps and not by section 3220 of the Eevised Statutes as amended by the Revenue Act of 1921 (sec. 1315) and the Revenue Act of 1924 (sec. 1011), relating to refunds and credits.”
We thus quote the language of the Government’s brief in order to say that the claim set up in the petition is for a *950 refund as authorized by section 3220, as' we construe the application for a refund made to the Commissioner as predicated upon the same statute. It claimed interest from the date of payment. In asserting, therefore, that “ plaintiff’s claim is, in effect, for the redemption of stamps ” the Government’s contention resolves itself into the position that the plaintiff can have a redemption of the stamps affixed to the stubs of the several stock certificates under the Act of May 12, 1900, but can not have a refund under the provision of section 1315 of the Revenue Act of 1921, 42 Stat. 314, amending section 3220, Revised Statutes. This section provides a remedy for the taxpayer by authorizing the Commissioner to remit, refund, and pay back all taxes erroneously or illegally assessed or collected or in any manner wrongfully collected. Subsequent sections amend sections of the Revised Statutes relating to refunds to and actions by the taxpayer, and among other things extend the time fixed in the older acts within which the claims may be presented to the Commissioner or actions brought in court. Section 1324* provides that upon the allowance of a claim for the refund of internal-revenue taxes paid “ interest shall be allowed and paid ” from a date designated. This section also amends section 177 of the Judicial Code so as to authorize this court to allow interest in its judgment for taxes erroneously or illegally assessed or collected.
In view of this specific legislation, it is difficult to understand the contention that for illegal or erroneous collections made under a mistaken construction of section 1100 a different remedy must be found from that applicable to similar collections under other sections of the act. In the first place, it seems plain that Congress intended to authorize the allowance of interest when the claims for refunds are allowed for taxes illegally or erroneously collected under the provision of the act, because the one act imposes the several taxes and authorizes relief against their illegal or erroneous exaction. Certainly the terms of the act are sufficiently comprehensive in this regard. In the second place, while the taxes imposed under Title XI of the act follow a heading designated Stamp Taxes, the language used in section 1100 that “ there shall be levied, collected, and paid * * * the several *951 taxes specified” is substantially the same language that is used in the imposition of other taxes. (See sec. 301 imposing a war and excess profits tax; sec. 500, imposing a tax on certain messages; sec. 800, imposing a tax on admissions, and sec. 900, imposing excise taxes.) Why a different, status should be given to claims for illegal exactions under these several sections from that given to claims under section 1100 is not apparent, nor does the act purport to give them a different status.
The act of May 12, 1900, requires that a claim for redemption or allowance be made within two years. See B. & O. R. R. Co. case, 260 U. S. 565. The Revenue Act of 1921 (sec. 1316, amending sec. 3228, Revised Statutes) allows four years for presenting claims for a refund of taxes erroneously or illegally collected. We do not think it was the intention of Congress to allow some of the taxpayers, who were illegally required to pay taxes, four years in which to present their claims and to have interest added to the claims when allowed and to deny other taxpayers, who had been illegally or erroneously required to pay taxes as imposed by the same act, a shorter time in which to present their claims or to deny them the benefits of the sections providing for interest. Concededly, the plaintiff is entitled to a refund of the amount of the tax. In virtue of the statute it is also entitled to interest on that sum from the date of its payment.
Judgment will be entered in favor of plaintiff for the sum of $2,500, with interest from December 4, 1922, at the rate of six per cent per annum. And it is so ordered.
GRAHAM, Judge; Hat, Judge; DowNey, Judge; and Booth, Judge, concur.