**MEINRATH BROKERAGE CO. v. CROOKS, Collector of Internal Revenue.**

District Court, W. D. Missouri, W. D.
September 12, 1928.

No. 6371.

Humphreys & Gwinn, of Washington, D. C., and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., for plaintiff.

992

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., and A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and John A. McCann, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

OTIS, District Judge. Plaintiff brings this action to recover $14,052.29, with interest, alleged to have been wrongfully assessed and collected as income and excess profits tax for 1917. The total amount assessed against plaintiff, after an earlier payment which the plaintiff voluntarily made and which is not in question, was, for the year mentioned, $23,985.60. The plaintiff paid this amount under protest June 30, 1923. September 11, 1923, plaintiff filed a claim for refund of the amount paid, which was allowed to the amount of $7,649.28 and on May 19, 1924, rejected as to the balance.

It is conceded in effect that plaintiff is entitled to judgment if, as it claims, it should have been assessed under section 209 of the Revenue Act of October 3, 1917 (40 Stat. 306), as a "trade or business having no invested capital or only a nominal capital," unless it should be denied judgment because of failure of compliance by it with the requirements of section 3226 of the Revised Statutes, as amended by the Revenue Act of 1924 (26 USCA § 156). I shall first consider the second of the two questions involved.

1. Section 3226, as amended (45 Stat. 343), provides that "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

Undoubtedly this means, where strict compliance with the statute is insisted upon by the government, not only that a suit cannot be maintained unless a prior claim for a refund has been duly filed, but that a suit cannot be maintained upon a claim of a different nature than that shown to have been filed. So it has been held. Tucker v. Alexander, 15 F.(2d) 356, 357 (8th Circuit Court of Appeals). While this case later was reversed by the Supreme Court of the United States (275 U. S. 228, 48 S. Ct. 45), the decision reversing it does not question the prin-

ciple stated, but holds that the government may by stipulation waive strict compliance with the statute.

The plaintiff's petition as amended pleads the filing and rejection of three separate and distinct claims. It pleads, in the twelfth paragraph, "that * * * on or about September 10, 1923, plaintiff filed with the defendant a claim for refund * * * which said claim for refund was allowed for $7,649.28 * * * and rejected for $16,-336.32 on May 19, 1924."

And it pleads in the same paragraph (by way of amendment allowed at the inception of the trial) "that the plaintiff did * * * on April 10, 1925, file a claim with the Commissioner of Internal Revenue requesting that plaintiff's claim for refund be reopened, reconsidered and allowed on the basis of classification under section 209 of the Revenue Act of 1917 * * * and that plaintiff did, * * * on or about April 29, 1925, file an additional letter with the Commissioner of Internal Revenue protesting against the decision of the Commissioner contained in his letter of April 23, 1925, refusing to reconsider this case for the year 1917 under the provisions of section 209 of the Revenue Act of 1917 * * * and more than six months have elapsed since the claims contained in the letters of April 10, 1925 and April 29, 1925, were filed."

So three claims for refund are alleged, that of September 10, 1923, that of April 10, 1925, and that of April 29, 1925. The defendant admits that the allegations are sufficient to give the court jurisdiction.

As to the proof concerning the claims for refund: The agreed statement of facts sets out that the claim of September 10, 1923, was made. The claim itself plaintiff did not introduce. Defendant, however, offered it on cross-examination. It was on Treasury Department Internal Revenue Service form 843 and states as grounds for refund:

"Assessment under section 209 of the Revenue Act of 1917 was denied this corporation upon a mere technicality, and the amount of tax due should, therefore, be determined under section 210 of the Revenue Act of 1917."

The alleged claim of April 10, 1925, was sought to be proved by the introduction of a letter of that date from plaintiff's attorneys to the Commissioner of Internal Revenue, in which, after acknowledgment of receipt of a letter of April 7 rejecting claims for further allowance, is the following language:

"We believe the taxpayer is entitled to classification under section 209 of the Revenue Act of 1917. Our position is supported by [cases cited]. It is, therefore, respectfully requested that this case be reopened, reconsidered and allowed on the basis of the classification under section 209 of the Revenue Act of 1917. * * * Otherwise our client has instructed us to institute suit. * * *"

The alleged claim of April 29, 1925, was sought to be proved by the introduction of a letter of that date from plaintiff's attorneys to the Commissioner of Internal Revenue, in which, after a protest against the Commissioner's decision, refusing reconsideration, is the language:

"The question of the right of our client to assessment as a personal service corporation under the Revenue Act of 1918 for the years 1918, 1919 and 1920 is pending before the Solicitor of Internal Revenue. * * * In view of the pendency for the years 1918, 1919 and 1920 in the office of the Solicitor, it is requested that you refer all the papers in the case for the year 1917 to the Solicitor's office in order that it may be considered at the same time. In this connection we believe you must agree that our client is entitled to further consideration of his case for the year 1917 in view of [citing cases]."

To this last letter the Commissioner of Internal Revenue replied as follows, under date of May 7, 1925:

"Humphreys & Day, Munsey Building, Washington, D. C.—Sirs: Receipt is acknowledged of your letter dated April 29, 1925, requesting that the file of Meinrath Brokerage Company, Kansas City, Missouri, for the year 1917, be forwarded to the Solicitor of Internal Revenue for consideration with the return of that corporation for years 1918, 1919 and 1920, for which years personal service classification under the provisions of section 200 of the Revenue Act of 1918 was claimed.

"The records of the Bureau indicate that the 1917 case of Meinrath Brokerage Company was previously considered by the Committee on Appeals and Review and the taxpayer's claim for assessment of excess profits tax under the provisions of section 209 of the Revenue Act of 1917 denied. The tax was assessed and a claim for refund filed, the basis of which was request for relief under the provisions of section 210 of the Revenue Act of 1917. Since the question of assessment under section 209 of the Revenue Act of 1917 has previously been given consideration in a ruling by the Commissioner, and

no evidence has been submitted to warrant a change in the decision rendered, your request to have the 1917 file forwarded to the Solicitor of Internal Revenue is denied. Respectfully, J. G. Bright, Deputy Commissioner, by F. R. Clute, Head of Division."

Now the present suit is based upon section 209. The claim for refund of September 10, 1923, was based on section 210. That claim, therefore, does not support this suit, under the authority of the Tucker Case, supra. Are the letters of April 10, 1925, and April 29, 1925, sufficient? Was either "a claim for refund * * * filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof"?

The question divides itself thus: Were the letters claims for refund at all? If claims for refund, were they according to the provisions of law and the regulations of the Secretary of the Treasury?

It seems to me that in no true sense can either of these letters be called a claim for a refund. They do not even purport to be claims. The first is a request for the consideration of a rejected claim and on a ground different from that stated in the original claim. The second is a request for a reference of the whole matter to the Solicitor of the Treasury. And, whether they were claims, certainly they were not in accordance with the regulations.

Article 1036, Regulations 62, Treasury Department, United States Internal Revenue, provides that "claims by the taxpayer for the refunding of taxes and penalties erroneously or illegally collected shall be made on form 843. * * * All the facts relied upon in support of the claim should be clearly set forth under oath. * * * The affidavit may be made by an agent of the person assessed, but in such case a power of attorney must accompany the claim. * * *" None of the requirements of this article of the Regulations was complied with in connection with either the second or third alleged claim for refund.

Notwithstanding the positive mandate of the statute that "no suit * * * shall be maintained * * * until a claim for refund * * * has been duly filed * * * according to * * * the regulations of the Secretary of the Treasury, * * * it is urged here that nevertheless this suit can be maintained because plaintiff's contention that it should be assessed under section 209 was several times presented, and was as

often rejected before the suit was filed. The reason of the rule, it is said, was fully satisfied by the facts. The claim that the assessment should be made under section 209 was urged, it is contended, first, before the tax was collected at the time of the assessment, although of that there seems no proof in the record. It was urged, second, in a brief submitted in connection with the claim for refund of September 10, 1923, although of that, also, there is no proof in the record. It was urged for a third time, and again for a fourth time, in the letters of April 10, 1925, and April 29, 1925. So, it is argued, the claim of appplicability of section 209 was fully and clearly placed before the Commissioner and had been fully considered and rejected by him.

■ But it was not sufficient that what was done was within the reason of the rule. "Men must turn square corners when they deal with the government. If it attaches even purely formal conditions to its consent to be sued, those conditions must be complied with." Rock Island, A. & L. R. Co. v. United States, 254 U. S. 141, 143, 41 S. Ct. 55, 56, 65 L. Ed. 188. The words of the statute and the regulations (and, as I think is the plain import of the case cited, that includes the procedure and the form prescribed by the regulations, 254 U. S. 141, 142, 143 [41 S. Ct. 56]) "mark the conditions of the claimant's right." "Literal compliance with statutory requirements that a claim or appeal be filed with the Commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the collector or the United States." Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. ——.

In this case the plaintiff did not turn "the square corners" fixed by the statute. It did not comply with the "formal conditions" imposed. What it did was not within the procedure outlined by the regulations. I would be firmly of the opinion that for these reasons the plaintiff had not made out a case, were it not for the decision of the Supreme Court of the United States in the Tucker Case, reversing the same case in the Court of Appeals of the Eighth Circuit, although not questioning the principle, stated by the Circuit Court of Appeals, that strict compliance with the statute must be complied with.

The Supreme Court said in this case: "The statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial. Failure to observe them does not necessarily preclude recovery. If compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations. If the Commissioner is not deceived or misled by the failure to describe accurately the claim, as obviously he was not here, it may be more convenient for the government, and decidedly, in the interest of an orderly administrative procedure, that the claim should be disposed of upon its merits on a first trial without imposing upon government and taxpayer the necessity of further legal proceedings."

■ Now it is clear, from the letter of the Commissioner, dated May·7, 1925, and hereinabove set out, that the claim of the plaintiff that it should have been assessed under section 209 at some time was presented, considered, and rejected. It is clear, also from the record, that plaintiff's contention that it should have been assessed under section 209 was repeatedly called to the attention of the Commissioner, although not in the precise form required by the regulations. If "the statute and the regulations must be read in the light of their purpose," then it seems to me that, since the purpose of the statute essentially was satisfied, it must very clearly appear that the government has insisted upon a strict .compliance with the statute and regulations before the case can be dismissed on that ground.

■ How has it so insisted in this case? Not by the answer, for that was only a general denial. Not by any motion, for no motion based upon such insistence is in the record. So far as the record goes, it discloses no insistence on this point, except in an objection to the alleged claim of April 10, 1925, repeated to the alleged claim of April 29, 1925; *but this objection was full, and undoubtedly contained all of the insistence that could be required.* The objection was in this language:

"We object to the admission of this letter in evidence, for the reason that it is wholly foreign to the claim made in this case; that it is not a part of the original cause of action; that it is too remote from the claim upon which this action is based; that there is no reference in the claim for refund to such a claim; for the further reason that if this be considered as an independent claim for refund it is wholly foreign to this case; that it doesn't appear to be—not offered as

an amendment to the original claim for refund and is not in the form required by statute and prescribed by regulation by the Commissioner of Internal Revenue."

My conclusion upon this branch of the case, and I have reached that conclusion reluctantly, is that there was not here that "literal compliance with statutory requirements" upon which the government has the right to insist, and that it has insisted upon such literal compliance.

I proceed, however, to a discussion of the remaining branch of the case, and to a decision of the issue therein involved, so that, if it should be determined that I am in error as to the disposition of the question involved in the branch of the case above discussed, a further hearing will not be made necessary.

■ 2. The evidence clearly warrants the conclusion that plaintiff should have been assessed under section 209. The evidence overwhelmingly establishes the claim of plaintiff that it was doing only a brokerage business, and that the capital employed by it was nominal, within the meaning of the statute and the decisions construing the statute. Its stockholders were engaged exclusively in this brokerage business. Such capital as was employed was used only incidentally to the real business of the plaintiff. It produced no income; it was not used nor intended to be used for profit. These conclusions are supported by all of the evidence. The government introduced no evidence disputing them, and they are not negatived by any testimony developed on the cross-examination of plaintiff's witnesses. Where such facts exist, the assessment should be under section 209. Opinion of Judge Woodrough, District of Nebraska, in Cartan & Jeffrey Co. v. Allen, Collector,[1] not reported, affirmed in Allen, Collector, v. Cartan & Jeffrey Co. (C. C. A.) 5 F.(2d) 1011; opinion of Judge Barrett Southern District of Georgia, in Alexander & Garrett v. United States, 21 F.(2d) 547; opinion of Judge Schoonmaker, Western District of Pennsylvania in Hurst, Anthony & Watkins, Inc., v. Heiner, Collector, 26 F.(2d) 734; Gordon & Co. v. Lines, Collector (D. C.) 25 F.(2d) 894. If the plaintiff had strictly complied with section 3226 and the Regulations of the Treasury Department as to its claim for refund, it would be entitled to judgment for the amount asked, $14,052.29, with interest.

The case must be dismissed. It is so ordered.

[1] Oral opinion.