### RITTER v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
September 20, 1928.

No. 3798.

James Walton, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and William J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest, General Counsel, Bureau of Internal Revenue, and Floyd F. Toomey, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This was an action brought by Daniel Ritter to recover from the United States an overpayment in taxes for the year 1917 of $1,091.81, with interest. The case was argued on plaintiff's complaint and defendant's affidavit of defense, raising questions of law in the nature of a demurrer under the Pennsylvania practice.

On April 1, 1918, plaintiff filed his tax return for 1917, showing a tax liability of $6,964.95, which was paid on June 7, 1918. On December 30, 1922, an examination of plaintiff's books by Revenue Field Agent Timberlake disclosed the overpayment. The agent gave the plaintiff a copy of his report and told him of the overpayment. Plaintiff says that he then and there made an oral claim for refund, and that the agent told him that no further action on his part would be necessary, and that the overpayment would be refunded as a matter of course.

The report was sent by mail to the Bureau of Internal Revenue at Washington, but it appears to have been lost, for it never reached Washington. Information of the overpayment was not brought to the attention of the Bureau or Commissioner of Internal Revenue until September 11, 1924, when the plaintiff wrote a letter to the Commissioner about the overpayment, though plaintiff alleges that he began to make inquiries as to what was holding up its return as early as November 26, 1923.

The department replied to the letter of September 11, 1924, on November 25, 1925, advising plaintiff that the return of the overpayment appeared to be barred by the statute of limitations, that the facts which he had submitted were "insufficient to constitute an informal claim," and that unless a statement was submitted, evidencing his intention to claim refund prior to the operation of the statute, no overassessment might be allowed.

However, on December 6, 1924, plaintiff filed with the collector of internal revenue at Pittsburgh a formal written claim for refund. On February 4, 1925, the Commissioner of Internal Revenue again advised plaintiff that his claim for refund was barred by the statute of limitations. Thereafter, on May 26, 1926, suit was brought for its recovery. The court held that on the admitted facts, as a matter of law, the claim for refund was barred by the statute of limitations; that the oral claim alleged to have been made to Agent Timberlake was ineffective, because the statute requires that it be made to the Commissioner of Internal Revenue; and the government was not estopped by any statement made to plaintiff by the field agent. The case is here on plaintiff's writ of error.

Section 1112 of the Revenue Act of 1926 (26 USCA § 157) provides that all claims for the refund of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or in any manner wrongfully collected, must, with exceptions not here pertinent, "be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax."

Section 1113 (26 USCA § 156) provides that no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive, until a claim for refund "has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

As above stated, attention of the Bureau of Internal Revenue was not called to this overpayment until the letter of September 11, 1924. Section 281 of the Revenue Act of 1924 (26 USCA § 1065) was then in force. It provides that a refund of an overpayment of any income tax imposed

by the Revenue Acts of 1909, 1913, 1916, 1917, 1918, and 1921 shall not be allowed or made after four years from the time the tax was paid unless before the expiration of such four years a claim therefor is filed by the taxpayer.

The tax in this case was paid by Ritter on June 7, 1918. There is no question but that the tax involved in this suit was an overpayment innocently made. In order to have it refunded, however, it was necessary that a claim be filed with the Commissioner of Internal Revenue within four years from the date of payment. It is unfortunate and to be regretted that the plaintiff finds himself in the position in which his negligence, misunderstanding, or the unauthorized statement of the field agent, Timberlake, places him, but the sovereign government may not be sued, except upon its consent, and then only upon the conditions under which it has consented to be sued, even though they be purely formal. Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; Baltimore & Ohio R. R. Co. v. United States, 260 U. S. 565, 43 S. Ct. 169, 67 L. Ed. 406; United States v. Richards (C. C. A.) 27 F. (2d) 284.

One of those conditions in this case is that the claim for refund must have been filed with the Commissioner of Internal Revenue within four years after the time of payment of such tax. The plaintiff urges that there was no need or necessity for the filing of the claim for refund, because the field agent of the Commissioner had gone into the taxpayer's office and made the discovery, and therefore the Commissioner knew of the overpayment; but the case of Rock Island v. United States, supra, settles this question, contrary to plaintiff's contention.

The plaintiff says that his oral statement to Field Agent Timberlake constituted a claim for a refund, and was, within the meaning of the statute and regulations pursuant thereto, a filing of the same with the Commissioner. He further says that the statement of the field agent to the effect that the overpayment would in due time be refunded as a matter of course, and that he did not need to file a claim for refund, estopped the government from setting up his failure to file a written claim for refund as a defense.

The statute and regulations prescribed that a claim must be filed. This means a written claim, and not an oral one, because it is difficult to know just how to file an oral claim. It could not be done, unless it was reduced to writing, either by the plaintiff or some one for him. The oral claim, therefore, was in law insufficient. The fact that the Commissioner (according to a statement made to the House Committee on Ways and Means by the general counsel of the Bureau of Internal Revenue) makes refunds in 80,000 cases annually, without a claim being filed therefor, does not suspend the operation of the statute, and render it unnecessary to file a claim for refund as the statute and regulations require.

Is the government estopped from setting up the failure of the plaintiff to file a claim by the statement of its field agent that it was not necessary for him to do so? It is true, as plaintiff contends, that when the sovereign becomes an actor in a court of justice, its rights must be determined upon those fixed principles of justice which govern between man and man in like situations. Walker v. United States (C. C.) 139 F. 409; Cook v. United States, 91 U. S. 389, 23 L. Ed. 237; United States v. Flint, 25 Fed. Cas. p. 1107, No. 15,121. The acts or omissions of the officers of the government, if they be authorized to bind the United States in a particular transaction, will work estoppel against the government, if the officers have acted within the scope of their authority. The field agent in the instant case was not authorized to waive the requirements of the statute or the regulations, nor to make rules and regulations in accordance with which overpayments should be refunded. His duty was to audit accounts. He therefore had no authority to tell the plaintiff that he need not observe the requirements of the statute and of the regulations. Therefore the government is not estopped by his unauthorized statements.

What we have said disposes of this case, but we are not inclined to the view, expressed by the learned District Judge, that it was necessary that the claim for refund be made to the Commissioner of Internal Revenue personally. His office is a large one, and he could not personally attend to the duties of his office. He must have deputies and agents to assist him in that work. A claim is filed with the Commissioner of Internal Revenue when it is filed in his office. The office of a collector of internal revenue is a part of the ma-

268

chinery of the Commissioner for the administration of the revenue, and, within the meaning of the statute and regulations, a claim filed in the collector's office by a taxpayer in his district is filed with the Commissioner of Internal Revenue. Article 1302 of Regulation 65, approved October 6, 1924, provides that the claim for refund, together with appropriate evidence, "must be filed in the office of the collector of internal revenue charged with the collection of the tax, or, if the tax has been paid, in the office of the collector for the district in which the tax was paid."

The plaintiff having failed to file a claim for the refund of his overpayment in accordance with any of the statutes or regulations applicable to his case, the judgment of the District Court is affirmed.