**PAUL JONES & CO. v. LUCAS, Collector of Internal Revenue.**

District Court, W. D. Kentucky, at Louisville. August 1, 1929.

No. 1049.

Cox & Wells, of Louisville, Ky., for plaintiff.

T. J. Sparks, U. S. Atty., of Greenville, Ky., Frank A. Ropke, Asst. U. S. Atty., of Louisville, Ky., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and D. A. Taylor, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

DAWSON, District Judge. This case is submitted on plaintiff's demurrer to paragraph 4 of defendant's amended answer. This paragraph challenges the right of the plaintiff to rely upon the fact that the taxes assessed against it for the calendar year 1919 were collected by duress after their collection had been barred by the statute of limitation then in effect, inasmuch as this fact was not presented to the Commissioner in the application for refund as one of the grounds for claiming such refund. There is thus presented the question of whether a taxpayer may base an action for the recovery of taxes alleged to have been illegally or erroneously collected upon a ground not presented to the Commissioner in the claim for refund which the law requires to be made as a condition precedent to filing suit. The taxes alleged to have been illegally collected in this case were collected on September 25, 1926.

Section 3226 of the Revised Statutes, as amended and re-enacted by section 1113 (a) of the Revenue Act of 1926 (26 USCA § 156), which was in force at the time of the alleged illegal collection and application for refund, reads as follows:

"No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim

unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

Article 1304 of Treasury Regulations 69, promulgated for the administration of the act of 1926, reads as follows:

"Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth in detail under oath. In the case of the taxpayer's death, certified copies of the letters of administration or letters testamentary or other similar evidence must be annexed to the claim to show the authority of the administrator or executor. The affidavit may be made by the agent of the person assessed, but in such a case a power of attorney must accompany the claim."

The evident purpose of section 3226, Revised Statutes, is to afford to the Commissioner of Internal Revenue an opportunity to correct any errors made in the assessment or collection of taxes before the taxpayer and the government, or its representatives, are put to the expense and trouble of litigation. How could the Commissioner correct the claimed error or illegality in the assessment or collection of a tax, unless the taxpayer in his application for a refund points out to the Commissioner the ground or grounds upon which he claims the tax was illegally or erroneously collected? It seems to me that the requirement of section 3226 that a claim for refund must be filed before suit can be instituted, necessarily implies that the claim for refund must be sufficiently specific to enable the Commissioner to know and consider the ground or grounds upon which a refund is sought. Any other construction of that section would tend to defeat the very purpose Congress had in mind in its enactment. The provision contained in article 1304 of Treasury Regulations 69, supra, to the effect that "all facts relied upon in support of the claim should be clearly set forth in detail under oath," is a proper exercise of the power delegated to the Commissioner of Internal Revenue to make rules and regulations for the enforcement of the act in question, and is but a fair interpretation of section 3226.

Fairly construed, the language of the regulation just quoted does not require all the *evidence* upon which a taxpayer relies to be presented to the Commissioner. It simply requires the facts or reasons for the alleged illegality of the tax to be presented to the Commissioner, leaving the taxpayer entirely free, if he fails to secure relief at the hands of the Commissioner, to adduce, in a suit in court, new and additional evidence in support of the facts or reasons relied upon to establish the illegality of the tax. This construction of the statute and of the regulations is not out of harmony with the rule laid down by this court in the case of Fidelity & Columbia Trust Co. v. Lucas (D. C.) 7 F.(2d) 146, and cited with approval by the Supreme Court in the case of Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184. In that case it was held that in a suit in the District Court by a taxpayer to recover taxes alleged to have been illegally assessed or collected the decision of the Commissioner of Internal Revenue is not conclusive, but is only prima facie correct, and that in trying the question of the taxpayer's liability the court tries the case de novo, without in any way being limited to the evidence heard by the Commissioner, provided the taxpayer has taken the necessary preliminary statutory steps before appealing to the court. That case did not decide that a taxpayer in such a suit could rely upon a ground for recovery not presented to the Commissioner in the claim for refund. Such a question did not arise in that case.

Therefore, construing section 3226 of the statutes in the light of the rule laid down in the Fidelity & Columbia Trust Co. Case, supra, I conclude that the taxpayer who brings suit after refund has been denied may rely for recovery only on the grounds presented to the Commissioner, but that, in support of the grounds relied upon, he is not confined to the *evidence* adduced before the Commissioner, but he may offer entirely new and additional evidence. I am aware that several of the District Courts have reached a different conclusion on this question, but, in the absence of any controlling decision of the Supreme Court or of the Circuit Court of Appeals for this circuit, I feel constrained to follow the rule herein announced, and the demurrer to paragraph 4 of the amended answer will be overruled.