**ALADDIN CO. v. WOODWORTH, Collector of Internal Revenue.**

**No. 520.**

District Court, E. D. Michigan, N. D.
Aug. 16, 1930.

Wallick & Shorb, of Washington, D. C., for plaintiff.

Otto J. Manary, Asst. U. S. Atty., of Bay City, Mich., and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

TUTTLE, District Judge.

This is an action brought by the Aladdin Company, a Michigan corporation, as plaintiff, to recover from the defendant, the United States collector of internal revenue for this district, $25,105.53, which the plaintiff claims was illegally exacted and collected from it by the defendant in payment of certain income taxes alleged by the plaintiff to have been wrongfully assessed against it, with interest thereon from the time of such collection.

The defendant denies that the plaintiff is entitled to the recovery sought, both because said taxes were due and properly collected and for the reason that, in any event, the plaintiff failed to file the statutory claim for refund required by law as a condition prece-

dent to its right to maintain this action, and therefore cannot now recover herein. The plaintiff insists that it has sufficiently complied with the legal requirements applicable, and that, if not, the defendant has waived the right to urge a defense on that ground.

The claim of the plaintiff for a recovery is based upon its contention that in computing its income tax for the year 1919 it was entitled to deduct, from its gross income for that year, the expense of certain magazine advertisements for which it had paid during 1919, but which were actually published in 1920, and, the expense of certain catalogues for which it had become liable in 1919, but which it did not use until the following year. The internal revenue agents refused to permit the cost of these advertisements or catalogues to be deducted as expenses of the plaintiff for the year 1919, treating those items as part of the business expenses of the plaintiff for the subsequent year in which such advertisements were published and such catalogues were used, and therefore assessed an additional tax against the plaintiff, for the year 1919, amounting to $39,890.56. In September, 1922, the plaintiff paid said additional tax to the defendant collector.

On October 18, 1926, the plaintiff filed with the United States Commissioner of Internal Revenue, on the proper official form, a sworn claim purporting to be a claim for the refund of "taxes illegally collected" for the year 1919. In said claim, opposite the printed words, "Reduction of tax liability requested," was written the figure $16,257.25, and opposite the printed words, "Amount to be refunded (or such greater amount as is legally refundable)," was written the same figure. Beneath the printed line, "Deponent verily believes that this application should be allowed for the following reasons," was written the following statement:

"The Plant and Fixed Assets of this company were reduced to a point below their actual value and below the value at which they were carried on its books. This was done by setting up a theoretical reserve for depreciation.

"The prices placed on the closing inventory for 1919 were estimated and were in excess of cost. The opening inventory was carefully and accurately priced.

"Detailed computation and explanation is shown in attached schedules."

Attached to the said claim were the schedules just mentioned. These schedules, consisting of eleven sheets of detailed computations, showed that the claim for refund was

based on the contention that, in setting up the amount of invested capital chargeable to the plaintiff, the Internal Revenue Bureau had improperly computed the amount charged as a theoretical reserve for depreciation and had incorrectly priced the lumber inventory of the plaintiff, consisting of various items of shingles, lath, siding, floorings, etc., specifically enumerated therein. The summarized "Computation of Tax" showed the "Overassessment" to be $16,257.25, the amount already mentioned. Although the "Balance Sheet" included in said schedules contained the items of advertising and catalogues here involved, there was nothing in such schedules, nor in the verified claim to which they were attached, to indicate that the plaintiff was making any claim with respect to either of such items.

In March, 1927, the revenue agents in charge of the matter allowed said claim for refund in the sum of $14,785.03. On March 24, 1927, the plaintiff executed a written instrument agreeing to the correctness of the said allowance and declaring that it would not "be necessary to withhold action on same pending expiration of notice to taxpayer as provided by law, as no protest to the findings will be made." Thereupon, on May 12, 1927, the Commissioner of Internal Revenue approved such allowance in said amount, which the defendant thereafter duly paid to the plaintiff. No claim for refund, or document purporting to be such, appears to have been filed by the plaintiff with the Commissioner of Internal Revenue or with any other internal revenue official or agent.

On August 1, 1928, the plaintiff commenced this action. In its declaration it alleged the making of the additional assessment for the year 1919, in the sum of $39,890.56, and the refund, in the sum of $14,785.03 already mentioned, and sought recovery of the balance, $25,105.53, with interest thereon at 6 per cent. from the time of its payment of said assessment in 1922. Recovery of an additional amount, in the sum of approximately $8,000 paid by the plaintiff in 1920 for certain other taxes against it, not here involved, was also claimed, but the plaintiff now admits that it is not entitled to such recovery, and that claim therefore requires no discussion.

In one paragraph of its declaration the plaintiff alleged that "within the statutory period of four years from the date of payment" of said taxes "it duly filed, according to law, and upon the form provided, with the defendant for the consideration of the said Commissioner of Internal Revenue a claim for its 1919 taxes, and asked that the sum of $16,257.25 ('or such greater amount as is legally refundable') be refunded to it. That as one of the bases for said refund claim plaintiff stated: 'The prices placed on the closing inventory for 1919 were estimated and were in excess of cost; the closing inventory was carefully priced.'" The defendant, in its answer to said declaration, admitted "that the plaintiff filed a claim for refund of $16,257.25, and that one of the bases for the refund was as set forth in said paragraph," but the defendant denied "each and every other allegation as set forth in said paragraph," and denied the right of the plaintiff to any of the relief claimed.

After a trial by jury had been duly waived in writing, the cause was heard by the court, without a jury, on an agreed statement of facts and on proofs taken in open court. At the trial, counsel for the defendant objected to the introduction into evidence of a certified copy of the claim for refund already mentioned, on the grounds that it was "incompetent, immaterial and irrelevant to the issues in the case" and that "the grounds of the claim for refund were not sufficient to cover the grounds sought for recovery in the present action."

Section 3226 of the United States Revised Statutes, as subsequently amended, and as reenacted by section 1113(a) of the Revenue Act of 1926 (being section 156 of title 26 of the United States Code [26 USCA § 156]), which is applicable to the present action, includes the following provision:

"No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

Article 1304 of Regulation 69 of the United States Treasury Regulations, which is applicable to the present claim, contains the following provision:

"Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon

in support of the claim should be clearly set forth in detail under oath."

■ I think it clear that the plaintiff has failed to comply with this statutory regulation, which is plain, positive, and peremptory, and that such failure on its part is fatal to its right to maintain this action. It is a well-settled rule of law that the United States, acting in its sovereign capacity, is not subject to suit in any court or proceeding unless it has expressly consented to be so sued, and, if it make such consent dependent upon the performance, by the party desiring to bring suit against it, of some act, however formal or unnecessary it may seem to be, the strict performance of such act is a condition precedent to the right to commence such suit, in the absence of its waiver of such condition. So the United States, through Congress, having required the filing of the claim for refund prescribed by the statute, a taxpayer is not entitled to maintain an action for the recovery of such a refund without first filing such a claim in accordance with the provisions of such statute. Rand v. United States, 249 U. S. 503, 39 S. Ct. 359, 63 L. Ed. 731; Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 56, 65 L. Ed. 188; Baltimore & Ohio Railroad Co. v. United States, 260 U. S. 565, 43 S. Ct. 169, 67 L. Ed. 406; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Red Wing Malting Co. v. Willcuts, 15 F.(2d) 626, 49 A. L. R. 459 (C. C. A. 8); United States v. Richards, 27 F.(2d) 284 (C. C. A. 8); Ritter v. United States, 28 F.(2d) 265 (C. C. A. 3); Meinrath Brokerage Co. v. Crooks (D. C.) 28 F.(2d) 991; Arizona Commercial Mining Co. v. Casey (D. C.) 32 F.(2d) 288; Paul Jones & Co. v. Lucas (D. C.) 33 F.(2d) 907, 908; Ordway v. United States, 37 F.(2d) 19 (C. C. A. 2); Bonwit Teller Co. v. United States (Ct. Cl.) 39 F.(2d) 730.

In the language of the Supreme Court, speaking by Mr. Justice Holmes, in Rock Island, Arkansas & Louisiana Railroad Co. v. United States, supra, "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with."

■ It is urged by the plaintiff that because its claim for refund hereinbefore mentioned referred to 1919 taxes and the printed form on which such claim was filed contained the words, "or such greater amount as is legally refundable," therefore the filing of such claim was a sufficient compliance with this statutory requirement to entitle it to commence the present suit. I cannot agree with that contention. The language of the filed claim for refund already quoted makes it entirely plain that such claim did not refer, and was not intended to refer, in any way, to the particular claim which is here presented or to the refund of taxes which is here sought. This is too clear to require extended discussion. The mere fact that the taxes there involved happened to be a part of the taxes for the same year for which the taxes here involved were assessed has no more significance here than it would have had if those taxes had been assessed for some other year. Not only is said tax different, but the grounds on which the claim for refund thereof was based differed wholly from those now urged. As was pointed out by the court in Paul Jones & Co. v. Lucas, supra:

"The evident purpose of section 3226, Revised Statutes, is to afford to the Commissioner of Internal Revenue an opportunity to correct any errors made in the assessment or collection of taxes before the taxpayer and the government, or its representatives, are put to the expense and trouble of litigation. How could the Commissioner correct the claimed error or illegality in the assessment or collection of a tax, unless the taxpayer in his application for a refund points out to the Commissioner the ground or grounds upon which he claims the tax was illegally or erroneously collected. * * * The claim for refund must be sufficiently specific to enable the Commissioner to know and consider the ground or grounds upon which a refund is sought."

I think the conclusion unavoidable that the plaintiff has not shown that it has fulfilled the statutory condition precedent on the proper performance of which its right to bring this action against the sovereign United States depends.

■ Nor can I agree with the contention of the plaintiff that the defense based on its failure to comply with this statutory provision was waived by the failure of the defendant to expressly assert such defense in its answer herein. The recitals of the pleadings, already quoted, show that, although the plaintiff, in its declaration, alleged that "it duly filed, according to law, and upon the form provided, with the defendant for the consideration of the said Commissioner of Internal Revenue, a claim for its 1919 taxes," the defendant, in its answer, referring specifically to that allegation of the plaintiff, positively denied it except as to the amount and

154

basis of the claim for refund of the taxes not involved in this action. Section 12462 of the Michigan Compiled Laws of 1915, which plaintiff invokes as here applicable, under the Conformity Act (28 USCA § 724), provides that "no special plea in bar shall be pleaded in any civil action hereafter to be commenced; but all matters of defense to any such action, may be given in evidence under the general issue." No authority is cited by plaintiff, and I know of none, which would require the defendant, in answering this allegation of the declaration, to recite this defense with greater particularity than was done. There is nothing in the answer, nor elsewhere in the record, to indicate any intention on the part of the defendant to waive this defense, which was seasonably and properly presented at the trial. I discover no evidence of any fact or circumstance which could have misled the plaintiff into the belief that the defendant would not insist upon compliance with this requirement of the statute.

It follows that the plaintiff is not entitled to a recovery, and that this action must be dismissed. An order will be entered accordingly.