## WM. J. FRIDAY & CO., Inc., v. UNITED STATES.

### No. 6265.

District Court, W. D. Pennsylvania.

Feb. 2, 1931.

Ewing Laporte, of Pittsburgh, Pa., for Wm. J. Friday & Co.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa.

McVICAR, District Judge.

This is an action to recover part of an overpayment of taxes by plaintiff, taxpayer, to defendant. The case is before us on defendant's demurrer to plaintiff's petition.

▇ The facts alleged in the petition are to be deemed true in consideration of the question now before us. Plaintiff, March 15, 1920, filed its income and profits tax return for the calendar year 1919, which showed a tax due from plaintiff of $24,494.27, which it paid in 1920. The Commissioner of Internal Revenue, after an audit of plaintiff's books and accounts by him, found that plaintiff, for the year 1919, had overpaid $22,952.16 taxes. February 16, 1924, the Commissioner of Internal Revenue signed a schedule of overpayment and overassessment for the year 1919, which included the overpayment and overassessment above, against plaintiff, and directed the Commissioner of Internal Revenue at Pittsburgh to credit said amount on any taxes due from plaintiff. The collector of internal revenue at Pittsburgh credited plaintiff with the payment of $10,351.71, being the amount of an additional assessment against plaintiff for the year 1917, which, both parties admitted, was barred by the statute of limitations.

▇ The suit in this case was brought April 24, 1930, to recover $10,000 of the above amount. Defendant, in support of its demurrer, alleges that the statement of claim does not set forth a cause of action because it fails to allege "that a claim for refund was filed for the recovery of this alleged overpayment for the year 1919, and contains no statement of any executive action whatsoever as having been either applied for or obtained in regard to the alleged overpayment of $10,351.71." Plaintiff claims that no claim for refund was necessary.

The applicable statutes are section 1111 of the Revenue Act of 1926, 44 Stat. 115 (26 USCA § 149 note), amending section 3220 of the Revised Statutes, which is the same as section 1011 of the Revenue Act of 1924 (43 Stat. 342), which reads:

"Except as otherwise provided in sections 284 and 319 of the Revenue Act of 1926, the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal-revenue taxes collected by him, with the cost and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, agent, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty, and shall make report to Congress at the beginning of each regular session of Congress of all transactions under this section."

Section 1113(a) of the Revenue Act of 1926 (26 USCA § 156) re-enacts section 3226 of the Revised Statutes, and the same section is contained in the Revenue Act of 1924, § 1014a, 43 Stat. 343. As amended, it reads:

"No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

In Ritter v. United States, 28 F.(2d) 265, 267 (C. C. A. 3) Judge Davis, in speaking for the court, said:

"But the sovereign government may not be sued, except upon its consent, and then only upon the conditions under which it has consented to be sued, even though they be purely formal. Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; Baltimore & Ohio R. R. Co. v. United States, 260 U. S. 565, 43 S. Ct. 169, 67 L. Ed. 406; United States v. Richards (C. C. A.) 27 F. (2d) 284."

In Tucker v. Alexander, 15 F.(2d) 356, 357 (C. C. A. 8), Circuit Judge Stone said:

"This is a suit against the government in connection with the imposition and collection of the general revenue, which is a prime governmental function; such character of actions can be maintained only when permitted by the sovereign and only upon the conditions imposed by the sovereign. Such character of action is permitted by the statute but certain conditions are required as a condition precedent thereto. One of these conditions is that a claim for refund shall first be made to the Commissioner of Internal Revenue and a period of six months allowed for his determination thereof. The evident purposes and objects of this condition are to afford the Commissioner an opportunity to correct errors made by his office and to spare the parties and the courts the burden of litigation in respect thereto."

In Tucker v. Alexander, 275 U. S. 228, 231, 48 S. Ct. 45, 46, 72 L. Ed. 253, the Supreme Court, speaking by Mr. Justice Stone, said:

"Literal compliance with statutory requirements that a claim or appeal be filed with the Commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the collector or the United States. Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Maryland Casualty Co. v. United States, 251 U. S. 342, 353, 354, 40 S. Ct. 155, 64 L. Ed. 297; Nichols v. United States, 7 Wall. 122, 130, 19 L. Ed. 125."

This suit is for the recovery of an internal revenue tax alleged to have been illegally assessed and collected. It is also a suit to recover a sum of money wrongfully collected. Under the statute as construed above, a claim for refund was a condition precedent to the bringing of suit.

Plaintiff relied upon the interpretation of the above act in the case of Peerless Paper Box Mfg. Co. v. Routzahn, Collector of Internal Revenue (D. C. N. D. Ohio, E. D.) 22 F.(2d) 459, by Judge Jones. In an opinion by District Judge West of the same court, in the case of Jenkins Steamship Co. v. Routzahn, Collector of Internal Revenue, 46 F.(2d) 548, 549, dated September 8, 1930, Judge West seemingly is of the opinion that Judge Jones did not intend to hold in the Peerless Case that a claim for refund was not necessary as a claim for refund had been made in that case. Judge West said:

"I cannot agree that, where a refund has been misapplied on an ostensible liability for a tax or penalty appearing on the books, a suit to recover is not for a tax or penalty alleged to have been collected illegally or without authority; or that such an action is not controlled by section 3226 (26 USCA § 156). That question is presented in the instant case; but in the Peerless Case, where the requirements of the section had been complied with

by the taxpayer, it could not arise so as to call for a decision. In Brady v. U. S. (C. C. A.) 24 F.(2d) 405 [59 A. L. R. 563], the Peerless decision is cited to the point that a refund cannot properly be applied on a tax the collection of which was then barred by the statute, which, as I have previously said, I think was the real question adjudicated."

The demurrer of the defendant is sustained.