## J. P. STEVENS ENGRAVING CO. v. UNITED STATES.

### No. 6222.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1931.

Rehearing Denied Nov. 21, 1931.

W. A. Sutherland and Joseph B. Brennan, both of Atlanta, Ga., for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant to recover the amount of additional income and excess profits taxes for the fiscal year 1921 assessed against it on August 28, 1926, and paid under protest. The court sustained a demurrer to appellant's petition as amended. A copy of appellant's claim for refund was attached to that pleading and made a part thereof. The following are the statements of facts contained in the petition for refund:

"1. Taxpayer filed the tax return for the fiscal year ended July 31, 1921 on October 10, 1921.

"2. The four year period as prescribed by the Statute of Limitations expired on October 10, 1925.

"3. Prior to October 10, 1925, no waiver had been filed, nor had any deficiency tax been determined, assessed or paid.

"4. On October 28, 1925, the Revenue Agent in charge, Atlanta, Ga., recommended a deficiency in tax of $3,954.42.

"5. On January 22, 1926, the Commissioner of Internal Revenue recommended a deficiency in tax of $3,633.21 instead of the above $3,954.42.

"6. On February 3, 1926, or five months after the Statute of Limitations had expired on October 10, 1925, taxpayer signed a waiver for 1921.

"7. On May 12, 1926, the additional tax proposed was reduced to $1,366.34.

"8. On August 28, 1926, the above additional tax was assessed.

"9. On September 21, 1926, the above additional tax of $1,366.34 plus $396.24 interest was paid."

The only proposition of law which the claim for refund showed was relied on was indicated by reference therein to decisions to the effect that, where there was no waiver agreement until after the expiration of the prescribed period of limitation, the assess-

ment of additional tax after the expiration of that period was unauthorized and invalid. The amended petition brought into question the validity of the assessment on the grounds: (1) That when a waiver which purported to have been made by the appellant on February 3, 1926, was executed, the period of limitation had expired without any waiver as to the time of assessment or collection having been made; (2) that the execution of the waiver was influenced by a false representation in a letter addressed to appellant by the assistant to the Commissioner of Internal Revenue that the time within which an additional assessment of income and excess profits taxes for the fiscal year 1921 could lawfully be assessed against appellant had not expired when that waiver was executed; (3) that that waiver was executed under a mutual mistake of fact, both the assistant to the Commissioner and the appellant then believing that the time within which such additional assessment lawfully could be made had not expired when the waiver was signed; and (4) that the official of the appellant who signed that waiver was not authorized to bind the appellant by executing such a waiver.

The following statutory provision was in effect at the time of the alleged illegal collection and of the alleged application for refund: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail." 26 USCA § 156.

There was also in force at that time the following Treasury Regulation (article 1304 of Treasury Regulations 69 promulgated for the administration of the Revenue Act of 1926): "Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth in detail under oath. In the case of the taxpayer's death, certified copies of the letters of administration or letters testamentary or other similar evidence must be annexed to the claim to show the authority of the administrator or executor. The affidavit may be made by the agent of the person assessed, but in such a case a power of attorney must accompany the claim."

The first above mentioned ground of attack on the validity of the assessment of an additional tax was adversely disposed of after the claim for refund was made by the decision in the case of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, to the effect that a taxpayer's waiver of limitation is effective, though executed after the expiration of the applicable period of limitation. The above set out statute prescribed the condition on which a taxpayer is authorized to sue for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected. That statute has the effect of making the due filing of a claim for refund or credit, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, a condition precedent to the existence of the right of a taxpayer to maintain such a suit. The language of the statute indicates that it was contemplated that the required claim for refund or credit would disclose upon what ground or grounds the alleged erroneously or illegally assessed tax was claimed to be erroneous or illegal. An effect of the statute was to require the taxpayer's challenge of a tax to be made to the Commissioner of Internal Revenue, and that that official shall have had six months within which to act on the claim, before the assertion of it by suit. The language of the statute fairly negatives the conclusion that by a suit the validity of a tax may be attacked on a ground which the Commissioner of Internal Revenue never had an opportunity to consider and pass on. The United States has

not consented to be sued for the recovery of the alleged illegal tax prior to the submission to the Commissioner of Internal Revenue of the claim asserted by the suit. Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; Paul Jones Co. v. Lucas (D. C.) 33 F.(2d) 907; Aladdin Company v. Woodworth (D. C.) 43 F.(2d) 150.

Appellant's claim for refund did not challenge the validity of the additional tax in question on any ground other than the first above stated one. That ground of attack has been abandoned. The claim for refund contained no hint of the existence of the grounds of attack now relied on. The statute shows that the United States did not consent to the maintenance against it of such a suit as the instant one, unless the plaintiff, before instituting the suit, had, by a duly filed claim for refund, afforded to the Commissioner of Internal Revenue an opportunity to determine whether the state of facts relied on by the plaintiff did or did not exist, and whether, if that state of facts did exist, it had the legal effect of invalidating the tax assessment and collection in question.

The appellant's petition showing no ground for challenging the validity of the tax in question, which is permitted to be asserted by suit other than the one which was adversely disposed of by the decision in Stange v. United States, supra, the petition was subject to demurrer interposed to it, and the court did not err in sustaining that demurrer. The judgment is affirmed.