Campbell, Chief Justice,
delivered the opinion of the court:
The facts are admitted. From these it appears that the partnership of Strong, Hewat & Co., originated in 1898 and was engaged in business until February 28,1918, when it was dissolved. Upon the dissolution of the partnership a corporation was formed on March 1, 1918, under the name of' Strong, Hewat & Co. (Inc.), which took over all the assets and liabilities of the old firm and continued its business. The partnership was required under the revenue act of 1917 and the regulations to file an excess-profits tax return for the six months’ period ending February 28, 1918, the date of its dissolution. Its average invested capital for a year appeared to be $791,607.70. The commissioner determined that one-half of that amount was the invested capital of the concern for the six months’ period, arriving at this conclusion by dividing the twelve months’ average into two parts, or, as stated by Government counsel, “The commissioner allowed one-half of the invested capital for the full year and one-half of the specific exemption of $6,000, since the return was filed for a six months’ period.”
Recovery is sought of the amount by which its excess-profits tax, paid under the commissioner’s ruling, exceeds the taxes it would be required to pay if computed on the basis of a specific deduction of $6,000 and an invested capital of $791,607.70, the question presented being whether the commissioner’s action was correct. This depends on the construction to be given to the applicable statutes, viz: Sections 201, 203, and 207 of the revenue act of 1917, 40 Stat. 303. Section 201 imposes an additional tax upon incomes of partnerships for each taxable year equal to graduated percent *71 ages of the net income. Section 207 defines invested capital and section 203 allowing for exemptions or deductions, in the case of a domestic partnership “ the sum of (1) an amount equal to the same percentage of invested capital for the taxable year which the average amount of the annual, net income of the trade or business during the pre-war period was of the invested capital for the pre-war period (but not less than 7 or more than 9 per cent of the invested capital for the taxable year), and (2) $6,000.” When the facts are found to be, as admitted here, that the average invested capital for the taxable year is a given sum, the language of the statute plainly prescribes the method to be pursued in computing the amount of taxes to be paid, and where the amount of taxes due for an entire taxable year is involved the language of the statute furnishes a method that is clear and complete. It levies a tax to be “ paid for each taxable year ”; it speaks of invested capital u for the year ” and prescribes deductions of a percentage of the invested capital “ for the taxable year.” There is no specific mention of parts of the year in this connection. The partners had in their business an average actual invested capital of $791,607.70 — not half of that sum, but all of it. When the concern went out- of business it was required to make its returns and did so. If it could have waited until the end of its fiscal year and had then made its returns, having ceased business six months before, its reported net income for the year (as is suggested by its counsel) would have been exactly the same as that which was reported. The deductions would then have been on the annual basis.
It has been decided that in the interpretation of statutes, levying taxes, their provisions are not to be extended beyond the clear import of the language used or their operations enlarged so as to embrace matters not specifically pointed out, and that in cases of doubt they are to be .construed most strongly against the Government and in favor of the citizen. See Gould v. Gould, 245 U. S. 151, 153. “ The provisions of such acts are not to be extended by implication.” Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 606. The revenue act of 1917 authorizes a specific deduction of $6,000 in the case of a domestic partnership’s net income, and we *72 think it clear that this exemption, if allowable at all, must be the amount stated. The statute is the only authority for allowing it and the statute could have prescribed a lesser deduction when the returns were for part of the year, but it left the deduction at the stated figure and is not to be amended by engrafting on it by construction something that Congress ■did not express. The Government contends that the specific deduction for a full taxable year “ should be proportionate ” to the period for which the return is filed, and as indicating that any other theory results in unfairness it argues that, upon the dissolution of the partnership, a corporation was formed and continued the business that got the benefit in its return of the specific deduction authorized for corporations. It received this deduction, however, because the statute allowed it, and because it was a different entity from the partnership which preceded it. And with the further' contention that the “ logical method ” for determining the tax for & fraction of the year is the one adopted by the commissioner we are not concerned, beyond the question whether the logical method coincides with the statutory method. The latter method is the controlling one.
In Merriam's- case, 263 U. S. 179, Mr. Justice Sutherland, speaking for the court and replying to the Government’s contention that taxation is a practical matter and concerns itself with the substance of the thing upon which the. tax is imposed, rather than with legal forms or expressions, said (p. 187) : “ But in statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used.” We think that the deduction, authorized by the statute, of an amount equal to a stated “percentage of the invested capital for the taxable year ” is not a deduction reached by dividing the invested capital by two. Admittedly the actual invested capital was twice the sum that wCs used in ascertaining the plaintiffs’ tax.
Our conclusion is that the plaintiffs should recover. Judgment will be rendered in their favor in the sum claimed, with interest on the several installments of payments mak *73 ing up that sum from the respective dates of payment to the date of judgment. We are of opinion that the intent of the statute is that interest shall be allowed to that date and included in the judgment. See revenue act of 1924, sections 1019, 1020, 43 Stat. 346. And it is so ordered.
Gkaham, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.