## PHŒNIX GLASS CO. v. UNITED STATES.

District Court, W. D. Pennsylvania. April 25, 1929.

No. 5840.

Thomas E. Whitten, of Pittsburgh, Pa., and Wallick & Shorb, of Washington, D. C., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa.

McVICAR, District Judge. This case comes before us on a statutory demurrer to the plaintiff's statement of claim.

The material facts averred in the statement must be taken as true in consideration of the question now before us, and these facts are as follows:

The Phœnix Glass Company, a corporation of the state of West Virginia, filed its return of income and profits for the period beginning January 1, 1919, and ending June 30, 1919, and paid the taxes as shown thereon, in the amount of $12,490.40. On November 29, 1924, the Commissioner of Internal Revenue assessed an additional tax for said period, in the sum of $4,825.86. In November, 1924, the collector of internal revenue at Pittsburgh applied money in his hands due the plaintiff by reason of an over-assessment in payment of said additional tax.

On September 1, 1925, plaintiff took an appeal from the decision of the Commissioner of Internal Revenue in the assessment of the additional tax aforesaid, and set forth therein the reasons for said appeal. On September 9, 1926, the plaintiff filed with the collector of internal revenue at Pittsburgh, for transmittal to the Commissioner of Internal Revenue, claim for the refund of $1 (or such greater amount as is legally refundable) for the said period ending June 30, 1919, and in words and figures set forth the following:

"An appeal is pending before the United State Board of Tax Appeals which may affect the tax liability in this year. In the event that favorable action is taken by the Board we would request that any overpayment of income or excess profits tax as determined by the Board, should be refunded us."

On November 11, 1926, the Commissioner of Internal Revenue notified the plaintiff that

218

its claim for refund had been refused. The plaintiff then brought this action.

▮ Defendant in its statutory demurrer alleges that the statement does not contain facts sufficient to constitute a cause of action against the defendant, because it appears upon the face thereof that the only claim ever filed for refund of the taxes here in controversy did not set forth any of the facts relied upon, and was and is therefore insufficient to support an action for the recovery of said taxes.

The question for our consideration is whether the claim for a refund was sufficient. The Revenue Act of 1926, applicable to the facts of this case, in section 1113(a), amending Rev. St. § 3226 as amended (26 USCA § 156) reads:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

The regulations in pursuance thereof reads as follows:

"Claims by the taxpayer for refund of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth in detail under oath."

The above Act was construed by Judge Stone of the Eighth Circuit, in the case of Tucker v. Alexander (C. C. A.) 15 F.(2d) 356, 357, wherein he said:

"This is a suit against the government in connection with the imposition and collection of the general revenue, which is a prime governmental function; such character of actions can be maintained only when permitted by the sovereign and only upon the conditions imposed by the sovereign. Such character of action is permitted by the statute but certain conditions are required as a condition precedent thereto. One of these conditions is that a claim for refund shall first be made to the Commissioner of Internal

Revenue and a period of six months allowed for his determination thereof. The evident purposes and objects of this condition are to afford the Commissioner an opportunity to correct errors made by his office and to spare the parties and the courts the burden of litigation in respect thereto. Unless the claimant were required to present to the Commissioner all of the grounds upon which he relies for refund, the above purposes and objects would be partially or entirely defeated. The resort to the courts is allowed only because the Commissioner will not correct the wrong claimed to have been done. The purposes of requiring the claim and the object of the resort to the courts would be in part or wholly defeated unless the claim contained all of the grounds relied upon by the claimant. Therefore, we think it is a required precedent or limitation that the action shall be upon the same grounds and only such as are presented in the claim. As no ground in this petition is stated in the claim for refund, we think this petition has no standing under the issues tendered by the petition and that the determination of the court as to this major claim was correct."

The Supreme Court (275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253) reversed the judgment of the Circuit Court in this case, but on another ground, which does not, in any manner, affect the principle laid down by Judge Stone.

Plaintiff's counsel, in its brief, recognize that the claim for refund must set forth the ground upon which it is based; the language set forth by counsel in its brief being:

"It is conceded by the plaintiff that the claim for refund must set forth the basis upon which the recovery is claimed, but it is denied that the facts or evidence relied upon in support of said claim is a necessary prerequisite to such a claim."

The statement of claim which sets forth, in paragraph 9, the claim for refund, does not allege any ground or basis for the refund; it does not even make the appeal before the United States Board of Tax Appeals a part of the claim; and therefore it has not complied with the requirement contained in the act of Congress aforesaid.

The affidavit of defense raising question of law, commonly known as statutory demurrer, is sustained.