## J. H. WILLIAMS & CO. v. UNITED STATES.

District Court, E. D. New York.

March 25, 1930.

Greene & Hurd, of New York City (Richard T. Greene, of New York City, Robert C. Cooley, of Springfield, Mass., and James L. Dohr and Malcolm C. Law, both of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., and Albert D. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C. (Frederick W. Dewart, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

MOSCOWITZ, District Judge.

This is an action to recover certain sums paid as taxes for the years 1918 and 1919 and claimed as additional allowance of amortization for those years. Upon the trial, defendant contended that there was not a sufficient claim for refund in accordance with the provisions of the statutes.

This question has been heard preliminary to the hearing on the main claim, because, if the defendant's contention is correct, then there is no case to be heard by this court.

The stipulated facts in so far as they are material to the question under consideration are as follows:

On or about March 15, 1919, the plaintiff duly filed its original income and excess profits tax return for the year 1918.

On December 15, 1919, plaintiff paid to defendant the final installment of income and excess profits taxes indicated on its income tax return for the year 1918.

On February 11, 1924, plaintiff filed with the Commissioner of Internal Revenue a claim and demand for refund of its 1918 income and excess profits taxes.

On February 17, 1925, the Commissioner of Internal Revenue rejected in part the plaintiff's claim for refund filed on February 11, 1924, and allowed same in part, and notified the plaintiff that he had so acted upon the claim for refund. This action was commenced on December 13, 1926.

The refund claim in question was filed four years ten months and twenty-six days after March 15, 1919, the date when the plaintiff's return for the year 1918 was due and filed.

It is the defendant's contention that, under the Internal Revenue Acts of 1921, 1924, and 1926 no suit can be maintained for the recovery of any internal revenue tax unless a claim for refund has been duly filed with the Commissioner of Internal Revenue and in accordance with the provisions of law and the regulations of the Secretary of the Treasury, and that such claim for refund must be filed within four years after the payment of such tax under the provisions of section 3228 of the Revised Statutes.

Section 3226 of the Revised Statutes as amended (Revenue Act of 1926 [26 USCA § 156]), and re-enacted without change from the Revenue Act of 1924, was as follows at the time this action was instituted:

"Sec. 1113. (a) Section 3226 of the Revised Statutes, as amended, is re-enacted without change, as follows:

" 'Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceed-

ing is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail.'

"(b) This section shall not affect any proceeding in court instituted prior to the enactment of the Revenue Act of 1924."

Section 3228 of the Revised Statutes, as amended, was as follows in the Revenue Act of 1921 (42 Stat. 314):

"Sec. 1316. That section 3228 of the Revised Statutes is amended to read as follows:

" 'Sec. 3228. All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within four years next after payment of such tax, penalty, or sum.'

"This section, except as modified by section 252, shall apply retroactively to claims for refund under the Revenue Act of 1916, the Revenue Act of 1917, and the Revenue Act of 1918."

Plaintiff urges that under section 252 of the Revenue Act of 1921, as amended by the Act of March 4, 1923, its claim for refund was duly filed within the five-year period which plaintiff contends section 252 allows. Section 252 of the Revenue Act of 1921, as amended by the Act of March 4, 1923 (42 Stat. 1504, § 1) in so far as it is material, is as follows:

"Sec. 252. (a) That if, upon examination of any return of income made pursuant to this Act, * * * or the Revenue Act of 1918, it appears that an amount of income, war-profits or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits or excess-profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: Provided, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer, or unless before the expiration of two years from the time the tax was paid

a claim therefor is filed by the taxpayer.
* * * ”

The question now presented is whether the claim for refund must be filed in compliance with section 3228 of the Revised Statutes, which limits the time for filing to four years after the tax was paid or whether the claim for refund can be filed under section 252 of the Internal Revenue Act which, it is alleged, limits the time for filing to five years after the return was filed.

In the case of Fox v. Edwards, 287 F. 669, 672, Judge Rogers, writing for the Circuit Court of Appeals of the Second Circuit, said:

"The section [section 252] is intended to give the Commissioner of Internal Revenue power to credit or refund overpayments when no claim for a refund is filed by the taxpayer. Prior to that enactment the Commissioner had no authority to credit or refund overpayments of taxes, unless appeal was duly made to him in the manner prescribed by section 3220 of the Revised Statutes. That section and section 3228 * * * may be found in the margin.

"Section 252 of the act of 1918 has nothing whatever to do with the collector of internal revenue, or with an action against him. The power or duty to make refunds under the section is vested, not in the collector, but in the Commissioner of Internal Revenue. That Commissioner, prior to the enactment of section 252, had no authority to credit or refund overpayments of taxes unless appeal was duly made to him in the manner prescribed by section 3220 of the Revised Statutes which reads. * * *

"And the appeal had to be made within two years after the cause of action accrued, as required by section 3228. That being the condition of the law, Congress enacted section 252 of the act of 1918. The primary purpose of that enactment was to permit the Commissioner of his own volition, upon discovery of any overpayment, to credit or refund the same, notwithstanding the provisions of section 3228 of the Revised Statutes, and to limit the time within which he could make such credit or refund to 'five years from the date the return was made.' The section does not in express terms purport to give the taxpayer a right to sue for the recovery of the excess in the tax paid. It simply defines the powers and duties of the Commissioner in correcting overpayments which he finds have been made. It was intended to protect the Commissioner in making refunds which ought to be made, even

though no claim for refund was filed, or though the two-year period for filing claims prescribed by section 3228 had expired."

It follows that section 252 merely placed a limitation upon the time within which the Commissioner can make a credit or refund to five years from the date the return was made, even though no claim for refund was filed, and therefore the claim for refund for the year 1918 not having been filed within four years of the payment of the tax, as provided by section 3228 of the Revised Statutes, the plaintiff cannot maintain this suit. The motion to dismiss the first cause of action is granted.

The refund claim for 1919 is attacked by the government on the ground that it is insufficient in form. The claim for refund is as follows:

"The amount of so-called 'net income' upon which assessment of said tax was made, is not subject to taxation according to law, and to such extent such assessment and such tax as paid was in violation of law. Being without information as to the exact amount to which it is entitled, claim for refund of the total amount of tax so paid is hereby made, for the protection of the taxpayers right to enforce its just claims thereto."

The law is well settled that the purpose of a refund claim is to inform the Commissioner of the nature of a taxpayer's complaint and to give the Commissioner an opportunity to act upon the complaint on the merits, and to correct any errors, mistakes, or omissions made by his department before the taxpayer is allowed to bring an action based upon such errors, mistakes, or omissions. The precise ground upon which the refund is demanded must be stated in the application to the Commissioner. It is a required precedent or limitation that the action shall be upon the same grounds and only such as are presented in the claim.

The claim for refund for 1919 states no ground or reason; it merely states "the amount of so-called 'net income' upon which assessment of said tax was made, is not subject to taxation according to law. * * * ” This action is to recover an allowance for amortization, and there is no reference to this in the claim for refund filed. The claim for refund must state specifically the reasons or grounds of it, and suit in court may be maintained only on the specific grounds stated in the claim for refund. Since no ground is stated in the claim for refund, this suit

cannot be maintained. The motion to dismiss the second cause of action is granted.

Judgment may be entered for the defendant. Settle judgment on notice.