## TAYLOR–LOCKWOOD CO. v. UNITED STATES.

### No. K–496.

Court of Claims.
Dec. 8, 1930.

285

Theodore B. Benson, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

This suit was instituted to recover $5,468.08, excess profits tax alleged to have been erroneously and illegally collected, with interest. The basis of the claimed overpayment is that the Commissioner of Internal Revenue in his determination and computation of profits tax for the period January 1 to June 30, 1917, under sections 201 and 207 of the Revenue Act of October 3, 1917 (40 Stat. 303), prorated the invested capital of $300,000 and also prorated the specific exemption, and determined the profits tax credit to be $12,000. Plaintiff insists that under the decision of this court in Richard A. Strong et al. v. United States, 62 Ct. Cl. 67, the profits tax credit should be determined on the basis of the full amount of invested capital and the full specific exemption, and that, as so determined, such credit is $27,000.

The defendant questions plaintiff's right to maintain this suit upon the grounds that, first, it failed to file a claim for refund for any part of the tax within five years from the date its return was due, as provided in section 252 of the Revenue Act of 1918 (40 Stat. 1085); secondly, it failed to file a claim for refund with respect to the item sued for growing out of the payment of $8,179.99 on June 10, 1918, within four years from the date of payment of such tax, as required by section 3228 of the Revised Statutes, as amended (26 USCA § 157(a); thirdly, if the claim for refund was filed in time, it was insufficient to form the basis for this suit, in that it related entirely to the question of the right of plaintiff to have its profits tax for the taxable period determined and computed under the provisions of section 210 (special assessment) of the Revenue Act of 1917; that it may not therefore, after rejection of the claim, maintain suit upon an entirely different ground.

We are of opinion that all of the objections made by the defendant are well taken. Assuming that the plaintiff might maintain this suit if it had filed a claim for refund within five years after the return for the fiscal year ending June 30, 1917, was due, as provided in section 252 of the Revenue Act of 1918, or within four years after the payment of the tax sought to be recovered as provided in section 3228 of the Revised Statutes as amended by section 1316 of the Revenue Act of 1921 (42 Stat. 314), whichever was the later, it did not file a claim within that time. It appears that no claim for refund was filed until February 19, 1923, five years and six months after August 30, 1917, the date on which its return was due under section 13(b) of the Revenue Act of 1916, and more than four years and eight months after payment of the tax in controversy on June 10, 1918.

Plaintiff's excess profits tax return, Form 1103, was made and filed within the time required by section 13(b) of the Revenue Act of 1916 (39 Stat. 771) as provided in sections 205 and 207 of Title 2 (excess profits tax) of the act approved March 3, 1917 (39 Stat. 1000) entitled "An Act to provide increased revenue to defray the expenses of the increased appropriations for the Army and Navy and the extensions of fortifications, and for other purposes." Although the tax in controversy was determined, assessed, and collected by the Commissioner under the Revenue Act of 1917, approved October 3, 1917, it does not appear that the last-mentioned act or the regulations required any new or further return for the taxable year ended June 30, 1917. The period of limitation provided in section 252 of the Revenue Act of 1918 must therefore be reckoned from August 30, 1917.

On the question of the sufficiency of the claim for refund, plaintiff insists that all that the statute requires is the filing of a claim for refund; that there is no further requirement, and that there is no provision that any specific ground or reason be stated; that the regulations require nothing in addition to the requirements of the statute that a claim be filed, except that all the facts relied upon shall be stated, together with appropriate supporting evidence; that in this case there

was no evidence to be filed nor were there any facts in support of the claim; that the basis of the claim was the construction of the Revenue Act of 1917; and that the claim, as filed, and the statements contained therein met all of the requirements of the statute and of the regulations. Plaintiff argues that it was not required to take the undue precaution of asking the Commissioner not to make a mathematical error in the computation of the tax or to give an erroneous construction to a statute.

■ We are of opinion that the claim for refund filed February 19, 1923, set forth in finding 4, was not sufficient to entitle the plaintiff to maintain a suit upon the ground upon which this suit is predicated. The argument of the plaintiff that the language of the claim for refund was sufficient to protect its right to sue for recovery of the tax collected on the ground now asserted is not justified. The sole question presented by the claim for refund was the matter of special assessment under section 210 of the Revenue Act of 1917 (40 Stat. 307), over which this court has no jurisdiction. Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. The statement set forth in the claim that "the taxpayer claims all rights and protection vouchsafed under the section of act above referred to, as well as all other acts of Congress and sections thereof thereunto pertaining," have reference entirely to the previous assertion in the claim that it was entitled to the benefits of the special assessment provision of section 210. The language used in the claim cannot be construed as asserting any right to a refund upon any other ground or under any other section of the Revenue Act of 1917 or subsequent revenue acts relating to the income and profits tax upon the net income for the taxable period involved.

It appears that at the time this claim for refund was filed the Commissioner of Internal Revenue had made a determination and had computed the profits tax for the taxable period in question in which he prorated the invested capital and the specific exemption, and notified the plaintiff in detail with reference thereto. When the claim was filed, plaintiff made no assertion to its right to a refund on any ground other than the special assessment provision, and used no language in its claim that would protect its right to sue upon the ground that an erroneous determination of the profits tax credit had been made.

Plaintiff relies upon the decision of this court in Felt & Tarrant Mfg. Co. v. United States, 69 Ct. Cl. 204, but the opinion in that case does not support the contention here made. A refund of a specific amount was claimed in that case, and, as pointed out by the court in its opinion (page 213 of 69 Ct. Cl.), "The refund claim relied upon did on its face indicate in express terms a distinct reservation and determination to insist upon the refund of all illegal tax exactions." The language of the claim in that case was that "This claim is filed to protect all possible legal rights of the taxpayer pending, and at the date of, the settlement of the claim for relief," and the court pointed out that, "by the use of such comprehensive terms it is, to say the least, perfectly apparent that the taxpayer notified the commissioner that all its legal rights would be insisted upon." The Commissioner received the refund claim, acted upon it as it was, granted a refund, without any complaint as to its generality in any respect at the hearing thereon, and no exceptions were taken as to its consideration at that time.

■ No general rule can be stated for the determination of the sufficiency or insufficiency of a claim for refund that will apply in every case. Each case must be determined upon the basis of the assertions and the statements set forth in the particular claim. The language of the claim for refund must be sufficiently broad to cover the items afterwards made the basis of a suit, unless this requirement, which is one provided by regulations, is waived. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253. The plaintiff's claim for refund did not meet that requirement, and there has been no waiver thereof.

The petition must be dismissed, and it is so ordered.