## NATIONAL CATTLE LOAN CO. v. UNITED STATES.

### No. 4792.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1932.

I. N. Nelson, of Chicago, Ill., for appellant.

Paul Jones, U. S. Atty., of Danville, Ill., and J. Fred Gilster, Asst. U. S. Atty., of East St. Louis, Ill. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge.

The only question involved in this appeal is whether the claims for refund filed for each of the years involved are sufficient for the refunding of income taxes paid by appellant upon that part of its reported income with which it had credited itself on the accrual basis as due from George W. Armstrong & Sons but which was never paid, and which had subsequently been declared by the Mississippi court to be usurious and illegal.

The following statutes are pertinent:

Section 252 of the Revenue Act of 1921, c. 136, 42 Stat. 268: "That if, upon examination of any return of income made pursuant to * * * the Revenue Act of 1918, it appears that an amount of income * * * or excess-profits tax has been paid in excess of that properly due, then * * * the amount of the excess shall be credited * * * and any balance of such excess shall be * * * refunded to the taxpayer: Provided, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer: * * * "

Section 281 (f) of the Revenue Act of 1924, c. 234, 43 Stat. 302 (26 USCA § 1065 note): "This section shall not * * * bar from allowance a claim * * * in respect of a tax for the taxable year 1919 or 1920 if such claim is filed before the expiration of five years after the date the return was due."

Section 1014 (a), section 3226 of the Revised Statutes, as amended, is amended (26 USCA § 156) to read as follows: Sec. 3226. "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury, established in pursuance thereof; * * * " (The provisions of this section are also found in section 1113 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 116 [26 USCA § 156].)

Article 1306 of Treasury Department Regulations 65, promulgated October 6, 1924, contains the following: "Claims for refund of taxes erroneously collected.—Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth under oath."

Article 1304 of Treasury Department Regulations 69, promulgated August 28, 1926, substantially follows the above regulation.

The United States may not be sued except upon its consent, and then only upon the

conditions under which it has consented to be sued, even though they be purely formal. Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598; Eastern Transportation Co. v. United States, 272 U. S. 675, 47 S. Ct. 289, 71 L. Ed. 472; Ritter v. United States (C. C. A.) 28 F.(2d) 265.

■ In order to support an action against the United States to recover an overpayment of taxes, the complainant must present to the Commissioner of Internal Revenue, within five years from the date taxpayer's return was due, a claim for refund, in which claim shall be clearly stated all facts relied upon in support of the claim. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 377, 75 L. Ed. 1025; Wausau Sulphate Fibre Co. v. United States (Ct. Cl.) 49 F.(2d) 665; Art Metal Const. Co. v. United States (C. C. A.) 47 F.(2d) 558.

■ After the rejection of a claim for refund, and after the period of limitation for filing new or further claims for refund has expired, appellant cannot amend its rejected claim by alleging for the first time a specific ground for recovery not theretofore presented to the Commissioner. Solomon v. United States (C. C. A.) 57 F.(2d) 150; Wausau Sulphate Fibre Co. v. United States, supra; Sugar Land R. Co. v. United States (Ct. Cl.) 48 F.(2d) 973; Art Metal Const. Co. v. United States, supra.

■ Appellant contends, however, that the facts presented in his petition of July 5, 1927, to reopen and reconsider the claim which was rejected on October 5, 1926, was not a new claim, but a mere particularization of the general allegation in the original claims that appellant "in compiling the income included items as income which in fact are not income, and has also failed to deduct losses sustained and expenses incurred."

With that contention we cannot agree, and we are convinced, from a perusal of the cases hereinbefore referred to, that the language just quoted from the original claims was not alone sufficient under the statute and Treasury Regulations to require the Commissioner to consider the claims. He did, however, consider the claims; but it is to be noted in this respect that in the claims for the years 1918 and 1919 appellant also asked for special relief under sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093). But even if that special relief had not been demanded, and the Commissioner had granted a hearing on the claims, which in that event would have been insufficient for lack of particularization, those facts would not prevent the Commissioner from questioning the validity of the original claims on a petition for a refund under the circumstances herein presented. At the hearing, in so far as the record discloses, appellant was accorded the opportunity of presenting any claim he then desired to present, and he submitted no evidence and until July 5, 1927, made no reference to the specific claim which he now seeks to enforce, notwithstanding the fact that the chancery court of Mississippi had, on May 20, 1926, decreed the Armstrong interest to be usurious and illegal. On July 14, 1926, the Commissioner granted appellant relief on its original petition in the respective sums of $5,418.50 for the year 1918 and $27,919.77 for 1919, and on October 5, 1926, the Commissioner finally disposed of the matter by rejecting further allowance.

In Wausau Sulphate Fibre Co. v. United States, supra, the court, in considering whether an amendment operates to prevent the application of the statute of limitations, said: "* * * we think a rule of pleading should be followed, especially as this rule is based on logic and reason. It is well settled that where a cause of action is defectively pleaded, an amendment not changing the cause of action but curing these defects does not make the cause of action subject to the statute of limitations, even though the amendment be filed after the expiration of the period thereof. On the other hand, if an amendment is filed after the expiration of the period of limitations setting up an entirely new cause of action it is barred by the statute, notwithstanding the original plea was filed in time."

In Art Metal Const. Co. v. United States, supra, appellant filed a claim for a refund in which it stated that it was engaged in manufacture; that the claim related to its income and profits tax, which had been assessed at the figure returned; and that it requested a reduction of one dollar or more as the amount to be refunded. It also contained the following: "This claim is filed pursuant to the provisions of section 252 of the Revenue Act of 1921, as amended by the Act of March 4, 1923, for the refunding of any sum which, by reason of future Court Cases, Treasury Rulings, or for other reasons, it may appear has been illegally or erroneously assessed or collected. The purpose in submitting this claim is to protect the taxpayer's rights in respect of the time within which such claims must be filed."

The court said: "The supposed claim was no claim at all; it was a mere caveat, an attempt to reserve the taxpayer's right at some later time to file a claim, should something turn up * * * which might lead him to suppose that he could get back what he had already paid. * * * Moreover, we cannot agree that such a claim can be pieced out by matter in pais, certainly when it is no more than a general reservation of all future claims. Whatever the purpose of the statute, it is at least to advise the Commissioner that the taxpayer intends by it to assert that a part of his tax was never due. To allow him to substitute, not a claim, but a warning that he may in the future make a claim—which is all on any theory that the supposed claim was—substantially dispenses with the statute altogether. Presumably, it was to avoid exactly such resulting uncertainties that the act and the regulations required something definite enough for action. The claim called for, and indeed admitted, no action at all. * * * It bore no evidence that the plaintiff had any present complaint in mind; * * * the claim was nothing but an effort to extend the time which the statute had given; * * *"

In United States v. Felt & Tarrant Mfg. Co., supra, respondent filed an application for reduction of its 1917 tax liability and for a corresponding return of taxes paid which it designated a claim "for refund of taxes illegally collected." The sole ground stated was that respondent had filed with Commissioner an application for special relief from excess profits tax under section 210 of the Revenue Act of 1917 (40 Stat. 307). The claim contained the following: "This claim is filed to protect all possible legal rights of the taxpayer, pending, and at the rate of, the settlement of the claim for relief." Under that claim plaintiff sought a deduction from gross income for that year on account of exhaustion or obsolescence of patents. The Supreme Court, in holding the claim insufficient for the purpose, said:

"The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States. * * *

"One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, * * * a purpose not accomplished with respect to the present demand by the bare declaration in respondent's claim that it was filed 'to protect all possible legal rights of the taxpayer.' The claim for refund, which section 1318 makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded."

It is quite true that the facts in the cases from which we have quoted are not identical with those in the instant case, but they are indeed analogous, and we are convinced that the requirements of the statute and the Treasury Regulations as construed by those cases prevent appellant's recovery.

There is a line of earlier cases decided by District Courts and by the Court of Claims which seem to support appellant's contention. Typical of these cases are Union & New Haven Trust Co. v. Eaton (D. C.) 20 F.(2d) 419; Warner v. Walsh (D. C.) 24 F.(2d) 449, and Felt & Tarrant Mfg. Co. v. United States (Ct. Cl.) 37 F.(2d) 977. These cases are referred to but not followed in Art Metal Const. Co. v. United States, supra. Since that decision the case of Felt & Tarrant Mfg. Co. v. United States (Ct. Cl.) 37 F.(2d) 977, has been reversed by the Supreme Court, 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025.

We therefore hold that appellant's claim for a refund on account of the usurious interest on the Armstrong claim was barred by the statute of limitations at the time it was filed with the Commissioner.

Judgment affirmed.