### COLEMAN et al. v. UNITED STATES.
### No. 119.

District Court, S. D. Florida, Jacksonville Division.

Jan. 9, 1934.

Crawford & May, of Jacksonville, Fla., for plaintiffs.

Raymond F. Brown, Sp. Asst. Dist. Atty., of Miami, Fla., for the United States.

STRUM, District Judge.

Plaintiffs sue at law to recover income taxes alleged to have been wrongfully exacted of them for the calendar year 1917. The cause comes on for final hearing upon the pleadings, and evidence heard by the court.

On April 1, 1918, plaintiffs filed their partnership return of income and profit taxes for the calendar year 1917. An assessment of $1,729.51 was made thereon. Said assessment was reduced by an abatement of $36.01, certificate of which was issued on May 28, 1923, leaving a net tax of $1,693.50 here in question.

Plaintiffs claim to have paid the original assessment to the Collector of Internal Revenue for the district of Georgia, on April 1, 1918, by check transmitted by mail when they filed their return. This payment is denied by the United States. To enforce payment of the tax, warrant for distraint was levied upon certain property of the plaintiffs on August 12, 1925, and the property was advertised for sale on November 9, 1925, pursuant to section 3190, Rev. Stat. (26 USCA § 119).

In order to secure a postponement of the sale and additional time within which to pay the assessment, and in consideration of such postponement, plaintiffs on November 9, 1925, paid one-fourth of the disputed assessment and executed a surety bond conditioned to pay the remainder at the expiration of the extended period of twelve months. On the same

day plaintiffs executed the customary waiver of limitations as to the time within which collection of the tax could be enforced by the United States. On July 15, 1927, plaintiffs paid the remainder of the disputed assessment, and, after filing claim for refund which was denied, instituted this suit to recover said sum of $1,693.50 so paid.

Said claim for refund was based solely on the ground that collection of said tax was effected after the same had become barred by the statute of limitations, and that the above-mentioned waiver of limitation was void and of no effect because executed after the statute had run. This contention is the basis of the first count of plaintiffs' declaration in this suit. A second count proceeds upon the theory that plaintiffs have been compelled to twice pay this assessment, and that the second payment is an overpayment of tax, but this contention was not advanced as a basis for the claim for refund.

The fact that an "abatement" of $36.01, instead of a "refund" in that amount, was made on May 28, 1923, five years after plaintiffs claim to have originally paid the tax, indicates that the assessment had not theretofore been paid. It is unnecessary, however, to determine that question of fact.

█ The above-mentioned waiver of limitation as to the time within which said tax might be enforced by the United States is effective even though executed after the statute had run. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; Burnet v. Chicago R. Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349; Florsheim Bros. Drygoods Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339; Stevens Engraving Co. v. United States (C. C. A.) 53 F.(2d) 1.

█ Even if plaintiffs had in fact paid the assessment, as they contend, at the time their return was made on April 1, 1918, so that the subsequent payments would be overpayments, the bond executed by them on November 9, 1925, being an unconditional promise to pay that part of the tax therein mentioned ($1,333.63) would itself be an implied waiver of limitation upon collection of the tax, and would bar plaintiffs' recovery of the amount therein mentioned. The bond is a contract substituted for the tax obligation, and rests upon a valid consideration. Simmons Mfg. Co. v. Routzahn (C. C. A.) 62 F.(2d) 947. The one-fourth payment above mentioned, made at the time the bond was given, was voluntarily made with knowledge of all the facts to secure an extension of time, and in these circumstances cannot now be recovered. This disposes of the first count of the declaration.

██ In an action for refund of income tax under the statutes which are applicable here, the scope of the action must be limited to the scope of the claim for refund which the statute requires to be submitted to the Collector of Internal Revenue as a condition precedent to suit, and must rest upon the same ground. The ground of recovery relied upon in the second count of the declaration, namely, that the tax had been previously paid at the time the return was made, and that plaintiffs were therefore compelled to pay the same a second time, was not incorporated in plaintiffs' claim for refund submitted to the Collector of Internal Revenue. That official has had no opportunity to determine whether that state of facts did or did not exist. Not having been submitted for the preliminary determination of the Collector, that ground cannot be made the basis of recovery here. Snead v. Elmore (C. C. A.) 59 F.(2d) 312; Stevens Engraving Co. v. United States (C. C. A.) 53 F.(2d) 1; H. Lissner Co. v. United States (Ct. Cl.) 52 F.(2d) 1058; Taylor-Lockwood Co. v. United States (Ct. Cl.) 45 F.(2d) 284; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459; Solomon v. United States (D. C.) 49 F.(2d) 638; J. H. Williams & Co. v. United States (D. C.) 46 F.(2d) 155. This disposes of the second count of plaintiffs' declaration.

Judgment on the merits for defendant.