**STEWART v. UNITED STATES** (two cases).

Nos. 20379–S, 20380–S.

District Court, N. D. California, S. D.
Aug. 21, 1938.

W. G. Harmon, of San Francisco, Cal., Ernest L. Wilkinson and Walter G. Moyle, both of Washington, D. C., and J. Edward Johnson, of San Francisco, Cal., for petitioners.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal.

LINDLEY, District Judge.

Petitioners, husband and wife, sue under the provisions of paragraphs 5 and 20 of § 41, Title 28 USC, 28 U.S.C.A. § 41(5, 20), to recover income taxes paid for the year 1931, claimed to have been erroneously assessed and collected.

During the year 1930 petitioners purchased farm loan bonds issued under the Federal Farm Loan Act of 1916, 39 Stat. 360, by two joint stock land banks, a part of which, in the following year, 1931, they surrendered to the receiver of the issuing bank for liquidation, in an amount in excess of what they had paid therefor, and the remainder of which they sold for an amount in excess of the purchase price. The gains derived from these two transactions, aggregating over $84,000, were held by the Commissioner to constitute taxable income.

The bonds were issued under the Federal Farm Loan Act of 1916, 12 USC § 931, 12 U.S.C.A. § 931, which, among other matters, provides that bonds issued by such banks "shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation." The Revenue Act of 1928, 26 U.S.C.A. § 22, provides that there shall be levied a tax upon all income, including "gains, profits, and income derived from salaries * * * or sales, or dealings in property, whether real or personal * * *." It further directs that interest upon securities issued under the provisions of the Federal Farm Loan Act shall be exempt. In 1938 Congress provided in the Revenue Act of that year, § 817, 12 U.S.C.A. § 931a, that notwithstanding the provisions of § 26 of the Federal Farm Loan Act, as amended, as to obligations issued after the date of the act, all income from such bonds, except interest, shall be included in gross income.

Prior to the purchase of the bonds in question, the Commissioners of Internal Revenue had apparently uniformly held that gains from sales of such obligations was exempt income. The expressions of some of the members of Congress in discussing the bill while its passage was being considered, indicated a like belief upon their

part. The evidence is that Mr. Stewart, who acted also for his wife, relied upon these opinions and the language of the Act, and believed that he was purchasing securities the profit upon which, in case of sale, would result in exempt income.

■ In Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260, the court held that profit derived by an investor in municipal bonds from their sale by him at a higher price than the purchase price, is taxable as income, even though such municipal bonds and the interest therefrom are exempt. The Government relies upon this opinion as decisive of the issue presented in the present case, but it is apparent that the scope of the opinion is not broad enough to constitute an adjudication upon the question immediately confronting us. There the statute made the bond and the "interest therefrom" exempt. Here the statute makes the bond and the "income therefrom" exempt, and petitioners insist that under the express words of the statute a profit realized from the sale of such securities is income derived from the property itself and therefore exempt. Thus the immediate question is whether the profit derived from the sale of such bonds is income derived from the bonds. Clearly it is not interest or dividends; just as clearly it represents an accretion to the value of capital which has been converted into cash. It is a growth or increment of value in the investment,—an increment of gain accruing to capital. The statute itself recognized this in including gains "derived from * * * sales, or dealings in property." Obviously the profit arises from the dealing.

In this connection the language of Chief Justice Hughes in Willcuts v. Bunn, supra, is pertinent. There he said (page 227, 228, 51 S.Ct. page 127): "The sale of the bonds by their owners, after they have been issued by the State or municipality, is a transaction distinct from the contracts made by the government in the bonds themselves, and the profits on such sales are in a different category of income from that of the interest payable on the bonds. Because the tax in question is described as an 'income tax' and the profits on sales are included in 'income,' the distinction is not lost between the nature of a tax applied to interest and that of a tax applied to gains from sales. The federal income tax acts cover taxes of different sorts. * * * The

tax upon interest is levied upon the return which comes to the owner of the security according to the provisions of the obligation and without any further transaction on his part. The tax falls upon the owner by virtue of the mere fact of ownership, regardless of use or disposition of the security. The tax upon profits made upon purchases and sales is an excise upon the result of the combination of several factors, including capital investment and, quite generally, some measure of sagacity; the gain may be regarded as 'the creation of capital, industry and skill.'"

■ So the income made up of gain from profit realized upon sale of the bonds here involved was the result of the combination of several elements, including capital investment, and quite obviously no small degree of sagacity on the part of Mr. Stewart. In the words of the Chief Justice, the resulting gain is to be regarded as the creation of capital, industry and skill. The situation is not greatly different from that contemplated by state and federal statutes levying taxes upon transfers of estates. Such a tax is proper even though the property transferred is exempt. In the present instance Congress has seen fit to include in taxable income upon the sale of property all realized accretion in value. The fact that the investment has its form of existence in exempt securities does not alter the liability of the holder for a tax upon the profits resulting from the cooperation of various elements, contributing to one final result.

■ Nor do I believe that the previous administrative announcements of various Commissioners is any bar to the collection of the tax by way of estoppel or otherwise. Acquiescence, even a positive undertaking by an officer of the Government, if not authorized by Congress, does not bind the United States when it seeks to enforce a public right or assert a public interest. Wilber National Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Botany Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. A mistake of law does not constitute ground for an estoppel. Mutual Life Ins. Co. v. Phinney, 178 U.S. 327, 20 S.Ct. 906, 44 L.Ed. 1088; Sturm v. Boker, 150 U.S. 312, 14 S.Ct. 99, 37 L.Ed. 1093. The Commissioner can not, by his mistake of law, set at naught statutes of United States. Ritter v. United States, 3 Cir., 28 F.2d 265.

I conclude, therefore, that the tax was properly assessed, and that petitioners' suits must fail.

Judgment will enter against petitioners in bar of their suits and for costs.