### STERN BROS. & CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11555.

Circuit Court of Appeals, Eighth Circuit.

Jan. 5, 1940.

John H. McEvers and Herman M. Langworthy, both of Kansas City, Mo. (Ryland, Stinson, Mag & Thomson and Reece A. Gardner, all of Kansas City, Mo., on the brief), for petitioner.

Newton K. Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

W. Glenn Harmon, of San Francisco, Cal., Ernest L. Wilkinson, of Washington, D.C., and Carl D. Matz, of Kansas City, Mo., amici curiæ.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining deficiencies in the income taxes of the petitioner for the years 1934 and 1935. The facts were stipulated. During the years in question the petitioner sold at a profit bonds of Joint Stock Land Banks issued under the Federal Farm Loan Act of July 17, 1916, c. 245, 39 Stat. 360, 12 U.S.C.A. § 641 et seq. Believing that the profits derived from the sale of these bonds were exempt, the petitioner did not include them in taxable income in making its returns. The Commissioner, being of the opinion that these profits were taxable, added them to the income of the petitioner subject to tax, and proposed deficiencies accordingly. This led to the proceedings before the Board and the decision of which the petitioner now complains.

The sole question presented is whether the profits in suit were nontaxable because of Section 26 of the Farm Loan Act, which, so far as pertinent, provided that bonds issued under the Act "shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation." c. 245, 39 Stat. 380, Tit. 12, U.S.C. § 931, 12 U.S.C.A. § 931. The Board in this case and in the case of Agricultural Securities Corp. v. Commissioner, Stewart v. Commissioner, 39 B.T.A. 1103, has ruled that Section 26, 12 U.S.C.A. § 931, did not exempt profits derived from the sale of such bonds. Stewart v. United States, D.C., 24 F.Supp. 145,

which was to the same effect, was reversed by the United States Circuit Court of Appeals of the Ninth Circuit in Stewart v. United States, 106 F.2d 405, that court being of the opinion that Section 26 exempted all income from such bonds, including gains derived from the sale thereof. This divergence of informed opinion as to the meaning and scope of Section 26 indicates that the question will not be put to rest until it has been decided by the Supreme Court of the United States.

It would serve no useful purpose to state the contentions of the parties, which are in substance the same as those considered by the Board and by the Circuit Court of Appeals of the Ninth Circuit in the cases referred to, or to express at length our views with respect to the proper construction of Section 26. We offer no criticism of the reasoning with respect to the meaning of Section 26 upon which the conflicting opinions are based. The judges who decided Stewart v. United States, 9 Cir., 106 F.2d 405, were convinced that the language of Section 26 was unambiguous and expressed the intent of Congress that profits derived from the sale of bonds issued under the Act should be nontaxable. Being of that view, they could have reached no other conclusion than that such profits were exempt. On the other hand, a majority of the members of the Board of Tax Appeals were of the opinion that a doubt existed as to the meaning and intent of Section 26, which doubt they were required to resolve in favor of the Government. See Swan & Finch Co. v. United States, 190 U.S. 143, 146, 23 S.Ct. 702, 47 L.Ed. 984; Cornell v. Coyne, 192 U.S. 418, 431, 24 S.Ct. 383, 48 L.Ed. 504; Pacific Co. v. Johnson, 285 U.S. 480, 491, 52 S.Ct. 424, 76 L.Ed. 893.

We think there is a doubt as to whether Section 26 was ever intended to exempt profits derived from the purchase and sale of bonds issued under the Farm Loan Act. We agree that the language of Section 26 is susceptible of a construction which would make such gains nontaxable, but we do not agree that that is the only meaning which may be accorded to the language used. There are several considerations which have influenced us in reaching this conclusion. One is that shortly after having passed the Farm Loan Act, Congress, in enacting the Revenue Act of 1916, provided in Section 4, c. 463, 39 Stat. 756, 758, as follows:

"Sec. 4. The following income shall be exempt from the provisions of this title:

" * * * interest upon the obligations of a State or any political subdivision thereof or upon the obligations of the United States or its possessions or securities issued under the provisions of the Federal farm loan Act of July seventeenth, nineteen hundred and sixteen; * * *."

This language was, we think, inserted in the Revenue Act in an attempt to make the exemption therein provided for with respect to the income derived from bonds issued under the Farm Loan Act correspond with the exemption which had already been granted by the terms of Section 26, of that Act and indicated that Congress did not then regard income derived from the sale of such bonds as having been exempted from taxation. Another consideration is that we can see no practical justification for the granting of such an exemption. The bonds to be issued under the Act were of a character which would normally be attractive to investors, and not to speculators or those who buy securities for the purpose of deriving a profit from their sale. It seems to us that it was the exemption of the income to be derived from investing in and holding such bonds, rather than the exemption of the profits to be derived from buying and selling them, which would make the bonds marketable, and thus be of advantage to those for whose benefit the Farm Loan Act was passed.

The case of Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260, which is relied upon by the respondent, but which dealt with an implied constitutional immunity from taxation and not with a specific statutory exemption, demonstrates that a gain derived from the sale of a bond which is an instrumentality of government stands in a different situation than the income derived from having and holding such a bond, and is persuasive that Congress might well have intended that the words "income derived therefrom", as used in Section 26, should be read as covering only such returns as result from the owning and holding of such a bond, and not covering gains derived from its sale. It sometimes happens that a well-founded belief in the existence of an express immunity from taxation proves to be an illusion. O'Malley v. Woodrough, 307 U.S. 277, 59 S.Ct. 838, 83 L.Ed. 1289, 122 A.L.R. 1379.

It is our conclusion that there is nothing in the language of Section 26, or in its legislative history, or in the administrative rulings made with regard to it, or in subsequent legislation dealing with the same subject matter, which conclusively establishes that the profits derived by the petitioner from the sale of the bonds in question were nontaxable. We are not convinced that the Board's decision was erroneous.

The order of the Board is affirmed.