**UNITED STATES of America**

v.

**FOX LAKE STATE BANK, and Donald Adams, Defendants.**

**No. 61 C 1498.**

United States District Court
N. D. Illinois, E. D.

Dec. 19, 1963.

Frank E. McDonald, Jr., U. S. Atty., and T. W. James, Asst. U. S. Atty., for the Government.

Chapman & Cutler, and Ralph F. Huck, Chicago, Ill., for defendants.

MAROVITZ, District Judge.

This is a motion of defendant bank for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The United States has presented a 71 page complaint alleging that defendant bank has filed 21 false claims with the Federal Housing Administration in violation of Section 231, Title 31, U.S.C. Under the National Housing Act, 12 U.S.C. 1703, the Federal Housing Administration is authorized to insure qualified financial institutions for loans made "to improve the basic livability of real structures." The government charges that defendant made 21 fraudulent claims to the Federal Housing Administration, thereby subjecting itself to liability for double the damages sustained by the United States, plus a statutory civil forfeiture.

The defendant has moved under Rule 56 for summary judgment dismissing the complaint. Defendant avers that it filed these claims to comply with the orders of the Illinois Department of Financial Institutions and the FDIC that such orders be filed. Defendant further alleges that these claims were filed with the FHA, because of statements made by the FHA or an agent thereof, that claims had to be formally presented before the Comptroller could rule on their eligibility. The government, defendant asserts, is therefore estopped from bringing this suit, as it had full knowledge of all the facts alleged in the complaint before the claims were filed, and, knowing that defendant bank was ordered to file the claims by the IDFI and FDIC, still refused to rule on the eligibility of the loans before filing. Also, defendant claims that it filed the claims with reasonable belief that the loans were eligible for insurance, and not with the intent to defraud, required for recovery under the False Claims Act, Section 231, Title 31, U.S.C.

This Court is faced with two questions: 1. Is the Government estopped by its actions from bringing this suit? 2. Is intent to defraud required to constitute a violation of this section?

With regard to the question of estoppel, where a government employee, acting within the scope of his actual authority, makes a statement upon which another party relies to his detriment, the government is subject to the defense of estoppel, as is a private person. Ritter v. U. S., 3 Cir., 28 F.2d 265 at 267; Smale and Robinson v. U. S., D.C., 123 F.Supp. 457. However, an employee could not be said to be acting within the scope of his authority in telling that one can file a false claim "with the understanding that the sanctions of Congressional legislation (False Claims Act) will not apply thereto."

In Utah Power and Light Co. v. U. S., 243 U.S. 389, at pages 408, 409, 37 S.Ct. 387, 61 L.Ed. 791, the Supreme Court held that the United States is not estopped by the acts of its agents in entering into an agreement to do that which the law does not permit. In view of the public interest involved, this is a logical application of the law. While a private person should equitably bear the loss where his statements have caused another to act, the public in general should not so suffer for the act of a single government agent, especially when the statement concerned would encourage an illegal act. See Federal Crop Insurance Corp. v. Merrill, 332 U.S. at 380, 68 S.Ct. 1, 92 L.Ed. 10. In addition, there are questions of fact as to what information the bank actually received from the government. Where triable issues are present, a motion for summary judgment should be denied.

With regard to the question of intent to defraud: Defendant bases this portion of its motion for summary judgment on the requirements for violation of Section 231, Title 31, U.S.C. Under that section, defendant claims, there must be intent to defraud the U. S., and reliance thereon, to constitute an offense.

This action is brought under the first two clauses of the False Claims Act which prohibit (1) the making or presenting for payment or approval, any claim "knowing such claim to be false, fictitious, or fraudulent * * *," or

(2) the making or using, for the purpose of obtaining payment or approval of such claim, any receipt, claim, certificate, affidavit, etc., "knowing the same to contain any fraudulent or fictitious statement or entry * * *." The government argues that intent to defraud is not necessary for violation, as in the other clause of the Section, where such requirements are spelled out. Under normal rules of statutory construction, this argument seems valid. If Congress had intended to require "intent" for these clauses, such a phrase would have been included, as it was in the later clauses. Defendant argues contra that the government's reading of the Act would make a claimant liable even though he honestly, and, in fact, correctly believed he was entitled to the amount of his claim. This is an erroneous conclusion, as the government must still prove that defendant had knowledge that its claim was false.

In U. S. v. Park Motors, D.C., 107 F.Supp. 168, the court held that intent to defraud is a necessary prerequisite for violation of the first two clauses of the False Claims Act. It said in that opinion:

> "In order to hold the defendants liable in this case the burden is upon the Government to show by the preponderance of the proof that defendant Black intended to and did present a false claim to the Government * * *. In other words, the Government must show that Black intended as a result of the signing of these statements to defraud the Government."

This, however, is only dicta as the Court eventually held for the government. We are, therefore, not bound in any way by that court's reasoning, or by similar dicta in Cahill v. Curtis-Wright Corp., D.C., 57 F.Supp. 614; U. S. v. Schmidt, D.C., 204 F.Supp. 540, and U. S. v. Goldberg, D.C., 158 F.Supp. 544.

The government quotes from U. S. v. Toepleman, D.C., 141 F.Supp. 677, at 683, which was later reversed and reinstated on other grounds. The court said there:

> "[I]t appears to me that the Government's case is made by showing that a false claim was knowingly filed and that it is unnecessary to show either an intent to defraud or resulting damage. * * * Proof of knowingly presenting a false claim is all that is required."

With cases aimed in either direction, this Court must determine for itself whether "intent to defraud" is necessary to constitute a violation of Section 231. The government argues that the language itself does not require such intent, the Toepleman case specifically states that intention is not necessary, and finally that it would be an "intolerable burden" upon the U. S. to have to prove a vague "intent to defraud." If this were a criminal statute, I would not hesitate to disregard the government's last argument. The "red tape" burden would be insignificant in that case. However, this is a civil statute. There is no reason to contradict the language used by Congress, to provide the defendants with an additional shield when they have presented a claim which they know to be false.

The government has also raised a question of fact as to whether defendant did intend to defraud by filing the false claims. This is a triable issue. The motion for summary judgment should be denied.

Despite lower court dicta to the contrary as indicated by Cahill, Schmidt, and Goldberg, cited above, the Supreme Court of the United States has affirmed a decision which allowed recovery of a forfeiture by the government, even where no actual damages were shown. U. S. ex rel. Marcus v. Hess, D.C., 41 F.Supp. 197; 317 U.S. 537, at page 552, 63 S.Ct. 379, 87 L.Ed. 443. See also U. S. v. Rohleder, 3 Cir., 157 F.2d 126. The forfeiture is in the nature of punitive damages and should not be precluded by a finding that no actual damages have as yet been suffered by the plaintiff.

Motion for summary judgment overruled