**UNITED STATES of America, Plaintiff,**

v.

**Myrvin SAWIN, Defendant.**

**Civ. No. 2–427.**

United States District Court
S. D. Iowa, W. D.

Aug. 4, 1965.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, for plaintiff.

Lyle E. Strom, Omaha, Neb., K. C. Acrea, Missouri Valley, Iowa, for defendant.

HANSON, District Judge.

This is a suit under Title 31, Section 231. That statute states: "Any person * * * who shall make or cause to be made or present or cause to be presented * * * any claim upon or against the Government * * * knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses or causes to be made or used, any false bill, receipt, voucher, role, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained."

The burden of proof is upon the United States. United States v. Ueber, 6 Cir., 299 F.2d 310. Some cases say the burden of proof is by clear and convincing evidence. Other cases say by a preponderance of the evidence. In this case, it isn't necessary to decide which is the correct rule. The United States must prove (1) intent to defraud, United States v. Goldberg, D.C., 158 F.Supp. 544; (2) that the claim contained false, fraudulent or fictitious states, United States v. Fox Lake State Bank, D.C., 225 F.Supp. 723; (3) that the defendant knew and understood that the claims were false, fraudulent, or fictitious in whole or in part; and (4) that the United States

believed and acted upon such false representations, United States v. Robbins, D. C., 207 F.Supp. 799.

■ The United States utterly failed to prove any of these allegations. The burden of proof was not sustained. This is the odd case where a person is prosecuted for allegedly being too generous and not charging the full price.

In addition to contending that the United States has not sustained its burden of proof, the defendant contends that the plaintiff's interpretation of "average cost" is incorrect, that the provisions in the contract, other than the provision that the United States will pay for so many units of work at so much per unit, are contrary to the regulations and void, and that the defendant claimed only what he was lawfully entitled to receive. The court has considered these contentions but it is unnecessary to make any separate findings on these points.

It does appear, as the defendant contends, that the United States has abandoned all parts of their Complaint except Count I. However, the ruling here applies to each of the separate four counts in the Complaint.

Accordingly, it will be Ordered that the claim in its entirety is denied and the Complaint dismissed.

### Counterclaim.

The defendant filed a counterclaim in this action. The defendant claims that claims were filed but that the United States has refused and continues to refuse to pay the same.

■ The court finds that defendant waived and abandoned its counterclaim by failing to offer evidence to substantiate it.

Accordingly, the claim will be denied and the counterclaim dismissed.

It is ordered that the foregoing shall constitute the findings of fact, conclusions of law, and Order for Judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.